In the Matter of the Judicial Settlement of the Accounts of EVA H. FANTL, as Temporary Administratrix and as Executrix, etc., of ALFRED FANTL, Late of the County of New York, Deceased.

EVA H. FANTL, as Temporary Administratrix and as Executrix, etc., of ALFRED FANTL, Deceased, Appellant; SEVENTH NATIONAL BANK OF NEW YORK and Others, Respondents.

First Department, January 15, 1937.

*Isaac N. Jacobson,* for the appellant.

*Myron K. Wilson* of counsel [*David W. Kahn,* attorney], for the respondent Seventh National Bank of New York.

PER CURIAM. After an examination of the record and briefs herein, we have concluded that certain of the items of surcharge should be modified and reduced as hereinafter indicated.

The surcharge for excessive payroll disbursements should be reduced from $10,750 to $5,750 (of which the account of the temporary administratrix is surcharged $3,200 and the account of the executrix $2,550), as we consider there is sufficient in the record on which a fair and reasonable compensation can be made for the value of services concededly rendered by Carl Heller, in the sum of $5,000 as total compensation for all of such services.

In our opinion the appellant should be exonerated except for the sum of $109.52 from the surcharge in the sum of $5,433.54 for failure to collect or use reasonable care in collecting accounts receivable. An administratrix or executrix is not a guarantor of the collection of a testator's outstanding claims, nor is such representative liable for error of judgment with regard to such collections if honestly made in good faith and in the exercise of reasonable care. Acting in good faith, with reasonable judgment, and sound discretion, the representative may determine that the enforcement of claims by litigation is unwise. We think there is sufficient basis in the record to support the conclusion that this appellant comes within the above rule, and accordingly she is surcharged only on the item of $109.52 which concededly was not collected when it could have been.

In the companion appeal decided herewith (*Matter of Seventh Nat. Bank of New York* [*Fantl*], 249 App. Div. 798) we have sustained the order of the surrogate, dated June 5, 1936, with regard to the legal fees as to which objection was made, and we approve accordingly of the surcharge of $5,250 except to the extent of $313.95 representing taxable costs and disbursements of appellant's attorney, which amount was approved and allowed by the surrogate in the decree of June 5, 1936. Accordingly we reduce this item of surcharge from $5,250 to $4,936.05.

With regard to the surcharge for alleged preferential payments to creditors in the sum of $16,367.82, we consider that only those accounts should be included as to which the final result shows a net reduction of merchandise debts owing at the death of the decedent

June 1, 1928. Such net reduction amounts to $13,653.40, to which must be added $1,162.47 paid by the executrix and $494.81 paid by the administratrix for personal obligations of the decedent, making a total of $15,310.68. Allowing credit for certain minor deductions aggregating $1,019.19 and also the twelve and seventenths per cent ratable dividend allowed by the referee as a proper *pro rata* payment to all creditors as of the date of the decedent's death, we conclude that the surcharge for preferential payments should be reduced from $16,367.82 to $12,476.47, $8,226.07 of which is chargeable to the account of the administratrix and $4,250.40 is chargeable to the account of the executrix.

The decree appealed from should be accordingly modified in the respects above noted and otherwise in all respects affirmed, with costs of this appeal to the appellant.

Present — MARTIN, P. J., TOWNLEY, GLENNON, UNTERMYER and DORE, JJ.

Decree unanimously modified as indicated in opinion and in all other respects affirmed, with costs to the appellant. Settle order on notice.