Samuel Fails, S.
Objections have been interposed to this executor’s account relating to the failure of the executor to prosecute a claim in favor of the estate against himself, individually, and another, under a stockholders’ agreement, and to the amounts paid for attorney’s fees which are claimed to be excessive.
Decedent died a resident of Westchester County on August 15, 1954, and his will dated June 16, 1952, was duly admitted to probate and letters testamentary thereon were issued to petitioner on January 12, 1955.
On June 3, 1952, and until the time of his death, decedent owned 20% of the stock of Consolidated Diamond Tool Corporation, hereinafter referred to as the Corporation. A brother of decedent, who is the accounting executor, owned 40%, and a third party owned the remaining 40% of such stock. On June 3, 1952, the stockholders entered into an agreement creating in favor of the surviving stockholders an option to purchase the shares of any stockholder who should die “ during such time as the said parties are the sole stockholders of said Corporation ”. Paragraph “ Sixth” of the agreement provided that “ during the first six (6) months after the decease of any of the parties hereto, the heirs, executors, administrators or legal representative of such deceased party shall receive and shall be entitled to receive the full salary, wages and compensation of said deceased party notwithstanding any of the terms, conditions and provisions of this agreement ’ ’.
*568 Upon the death of decedent, the two surviving stockholders of the Corporation exercised their option to purchase decedent’s interest in the Corporation and the sale of the shares held by decedent was approved by this court. During June, 1952, when the stockholders’ agreement was executed, the decedent was earning $165 a week. Decedent was then in apparent good health and divided his time equally between the Corporation and another corporation. Decedent’s health'began to fail during October, 1952, and thereafter he devoted less time to the Corporation. After September, 1953, decedent rendered no service to the Corporation by reason of his failing health. His salary continued at the same rate until January 4, 1954, when it was reduced to $100 per week and was continued at the reduced rate until June 29, 1954. The decedent received no salary from the Corporation between June 29, 1954, and the date of his death on August 15, 1954.
The stockholders’ agreement is ambiguous in several respects. The agreement fails to state whether the payments of salary for a period of six months after the death of a stockholder are to be made by the Corporation or by the surviving stockholders. The agreement contains no express provision imposing continued employment until death as a condition to continuance of salary payments for the six months’ period after death. The agreement is also ambiguous in that it fails to provide whether the amount of such salary payments is to be based upon the salary being paid at the date of execution of the agreement or at a date immediately prior to the death of decedent. In considering whether it was the intention that such salary payments after death were to be made by the stockholders or by the Corporation, it is noted that the Corporation was not a party to the agreement, although all salary payments prior to death were made by the Corporation rather than by the stockholders. It is significant that decedent received salary payments for a considerable period of time during which he rendered no services whatsoever to the Corporation, although so far as appears, no salary payments were made to others except in consideration of services performed. Of significance also, is the fact that although salary payments to the decedent ceased during June of 1954, and approximately two months prior to his death, apparently no objection was made by the decedent to the cessation of such payments. No claim has been asserted by or in behalf of decedent for any unpaid salary during this period.
The duty of a legal representative with respect to the collection of an obligation due or owing the estate of a decedent is set forth in Matter of Fantl (249 App. Div. 392). The Per *569 Curiam, opinion which modified a decree of the Surrogate’s Court (p. 393) defines such duty in the following language: ‘ ‘ An administratrix or executrix is not a guarantor of the collection of a testator’s outstanding claims, nor is such representative liable for error of judgment with regard to such collections if honestly made in good faith and in the exercise of reasonable care. Acting in good faith, with reasonable judgment, and sound discretion, the representative may determine that the enforcement of claims by litigation is unwise.” To the same effect see Matter of Rosenthal (269 App. Div. 139) and O’Connor v. Gifford (117 N. Y. 275).
The court determines that the executor herein was not negligent or imprudent in failing to prosecute in behalf of the estate of his deceased brother any claim under the provisions of the stockholders’ agreement for the payment of salary for a period of six months after the death of a stockholder. The agreement upon which such claim might be predicated was so ambiguous as to render doubtful the wisdom of attempting its enforcement in this regard. Moreover, the illness of the decedent, and the conduct of the parties during the period of such illness which continued to the date of decedent’s death, are some evidences of an implied waiver by decedent of the provision for salary payments after death. This conclusion finds support in the fact that decedent received a reduced salary during the period of time when he performed no services whatsoever for the Corporation, and that so far as appears, decedent made no objection to the nonpayment of any salary to him during the two-month period immediately prior to his death. The objection to the failure of the executor to enforce such claims in behalf of decedent is accordingly overruled and dismissed.
At the trial certain minutes of a stockholders’ meeting and of a directors’ meeting of the Corporation were received in evidence over objection, subject to a motion to strike out such portions thereof as were determined to be incompetent. The minutes were offered, by the executor and objected to by the widow of testator on the ground that such transactions did not occur in the presence of decedent, on the ground that they were hearsay and not binding on decedent, and on the further ground that they were violative of section 347 of the Civil Practice Act. The minutes of the directors’ meeting were offered by the executor in order to establish the reduction of decedent’s salary from $165 to $100 weekly, for a period not exceeding six months or until decedent had actively resumed his duties, and to establish a cessation of payments pursuant to *570 the resolution after the expiration of the six months’ period which would have expired in June, 1954, and also for the purpose of showing an acceptance of such benefits by decedent in lieu of any and all other benefits to which he might otherwise have been entitled under the stockholders’ agreement.
The corporate resolutions were not rendered incompetent by section 347 óf the Civil Practice Act, which provides that an interested party “ shall not be examined as a witness * * * concerning a personal transaction or communication between the witness and the deceased”. (Emphasis added.) Such corporate resolutions did not involve the examination of a witness and were not, therefore, barred by section 347 of the Civil Practice Act. (Poppenhusen v. Poppenhusen, 68 Misc. 548, affd. 149 App. Div. 307.)
Although not barred by section 347 of the Civil Practice Act, such records would not be admissible as an exception to the hearsay rule. The decedent was not present at the directors’ meeting, having been removed as a director at the stockholders ’ meeting held immediately prior thereto on January 25, 1954. The contemporaneous corporate record of the action of a corporation, even though competent, in favor of or against the corporation, its officers, members or strangers, is not always of itself sufficient. (Highland Turnpike Co. v. McKean, 10 Johns. 154.)
It is very commonly the case that the act of a private corporation is not competent unless shown to have been communicated to the other party, and in such case the books are competent to show the act, provided other evidence of a communication is given to connect. The first question, therefore, to be determined is whether the corporate act is competent under the issue and between the particular parties; if so, the minutes may be resorted to as evidence of it. (See Abbott on Trial Evidence [3d ed.], p. 153; see, also, Jones on Evidence [3d ed.], § 517.) There is here no proof either in the corporate records or independently of them to establish the necessary connection of communication with the decedent. The motion to strike out the corporate resolutions is accordingly granted.
The court finds that the amount paid for attorney’s fees was not excessive and accordingly, the objection to such payment is dismissed.
Settle decree.