S. Samuel Di Falco, S.
Objections to the account of the executrix have been filed by the attorneys in fact for a beneficiary who resides in Czechoslovakia. The objections are directed to the failure to include in the account a sum of money held by the Office of Alien Property. The objections state that the fund was originally vested by the Office of Alien Property, that the decedent made a claim during his lifetime which resulted in a favorable ruling, that payment of the fund was never made during his lifetime, and that after his death the Office of Alien Property ruled that only that part of the fund which would pass to persons residing in the United States, would be recognized as eligible for return. It refused to allow payment of the one- *826 third portion which would be held for the beneficiary residing in Czechoslovakia. The objections state “ that these moneys are estate moneys and should be in the estate.”
The parties have submitted a stipulation of facts in lieu of a hearing. In 1942 the Office of Alien Property vested the assets of a German corporation. Thereafter the decedent filed a debt claim against the vested assets based upon royalties due him under a contract with the corporation. The total amount of his claim was $25,697.94. In 1955 the Office of Alien Property paid the decedent the sum of $12,489.50 on account of his claim. The balance, in the sum of $13,208.44, was allowed as a nonpriority claim, which could not then be made final because of possible insolvency in the corporation affairs.
The decedent died on November 28, 1956. His will divided his property among his widow, his daughter and his son, who was an alien residing in Czechoslovakia. The son’s share was directed to be set up in trust. In 1957 the Office of Alien Property issued a supplemental determination in which the allowance of the balance of $13,208.44 was made final. The executrix thereupon made application to the Office of Alien Property for payment of the fund. Subsequently the Office of Alien Property amended its prior determination so as to allow only two thirds of the balance instead of the entire balance. It found that the widow and the daughter were “ eligible debt claimants under section 34 (a) of the Trading with the Enemy Act ” (U. S. Code, tit. 50, Appendix, § 34, subd. [a]), and it ordered payment to the executrix of the sum of $8,805.63. The amended decision stated ‘ ‘ no action is taken with respect to the remaining one-third portion of the claim in the sum of $4,402.81 of which Mr. Heinz Hermann of Czechoslovakia is the beneficial owner.”
Thereafter the attorneys in fact for the alien, with the consent of the attorney for the executrix, corresponded with the Office of Alien Property in an attempt to obtain payment of the final one-third share. The attorneys in fact set forth their arguments in support of their right to payment, pointing out alleged errors in the Government’s position. The Office of Alien Property disagreed with that argument. Finally, the Director of the Office of Alien Property dismissed the remaining portion of the n.1 aim on the ground of ineligibility. The account of the executrix does not include in Schedule A the payments made by the Office of Alien Property.
While the objections merely allege that the entire balance of the claim constitutes estate assets, no one contends that this court can make any determination which would bring the funds within its jurisdiction. Neither the United States nor the Office *827 of Alien Property is a party to this proceeding. It is now apparently recognized that the only remedy of the objectant in the pending proceeding is a surcharge against the executrix based upon her neglect or misconduct. The objectant contends that the objections do charge negligence. The executrix contends that the pleading does not charge negligence and that negligence is not an issue before the court.
A reading of the objections does not disclose any allegation of negligence or misconduct. However, even if the pleading could be so construed, the stipulated facts fail to establish negligence or lack of care on the part of the executrix. Objectants rely on the rule as stated in O’Conner v. Gifford (117 N. Y. 275, 279) that the “ onus is upon the executor to show a fair reason why he did not commence proceedings to collect a debt, and it is only necessary, in the first instance, for him who insists upon a devastavit to show the existence of a debt, and that the executor has taken no steps to collect it. The presumption is that it could have been collected, as the usual course is for men to pay their debts, and solvency is presumed until the contrary is shown.” The present case is not one, however, where the executrix failed to take any steps at all to recover the fund. She made appropriate claim for the entire fund. The United States took the position that the beneficiaries were the real “ debt claimants ” and that one of them was plainly ineligible. It refused to recognize the estate’s claim in full. The alien’s attorneys in fact contended that the decedent was the real ‘ ‘ debt claimant ’ ’ and that the ineligibility of persons taking under his will was not decisive. They sought to distinguish the case cited by the Office of Alien Property in support of its ruling. However, in their brief before this court, they are compelled to state that “ [their] case is a case of first instance. There are no reported cases involving title of an eligible claimant as principal after he had commenced his claim, where the ultimate beneficiaries were admittedly ineligible.” They argue, however, that there is a distinction between this case and the one relied upon by the Government, and that the distinction is indicated in the course of the opinion in another case. By arrangement between counsel, the attorneys in fact for the alien were permitted to take the matter up directly with the Office of Alien Property on behalf of the estate. They had full opportunity to submit all of their arguments, and they failed to convince the Government. There can be no contention that the efforts before the Office of Alien Property were not vigorous and extensive. The objectants argue, however, that within 60 days after the determination by the Director of Alien Property disallowing *828 the claim in part, the executrix could have instituted in the District Court of the United States for the District of Columbia a proceeding for review of such disallowance. The objectant contends that there would have been a favorable chance of success if the court proceeding had been duly instituted. Although the objectant’s attorneys were participating in the prosecution of the claim in the Office of Alien Property, there is no suggestion in the record that they ever recommended such legal action to the executrix prior to the pending accounting proceeding. The present record does not indicate whether the exedutrix had in fact discussed with her counsel the matter of initiating a legal proceeding against the Director of the Office of Alien Property. She would have been faced with the difficult problem of meeting the expenses of the lawsuit. The fund to be recovered would belong wholly to the alien. The only funds available to meet the expenses would come from shares in which the other two beneficiaries were interested. If unsuccessful, the executrix would have faced the probability of objection from them. In spite of the fact that the objectants now believe that a suit would have been successful, they were unable to convince the Office of Alien Property and either they made no suggestion of suit to the attorney for the executrix or they were unable to convince him.
An executrix would not have been under any duty to institute a lawsuit which might have involved other beneficiaries in substantial expenses. On the present record the executrix is not accountable to the objectant for her failure to institute a lawsuit to collect his portion of the claim. (Matter of Rosenthal, 269 App. Div. 139, 144; Matter of Fantl, 249 App. Div. 392; O’Conner v. Gifford, supra, p. 278.)
The objections are accordingly dismissed. Submit decree on notice settling the account accordingly.