[Civ. No. 11996.   First Dist., Div. Two.   May 27, 1942.]

Estate of JANIE M. OSGOOD, Deceased. ELIZA A. OS-
GOOD, as Executrix, etc., Respondent, v. MAGGIE A.
HOFF, Appellant.

G. V. Weikert for Appellant.

Chas. E. Watkinson and William Hazlett for Respondent.

STURTEVANT, J.—Janie M. Osgood died testate in Los Angeles. In due time her will was admitted to probate. The decedent left her surviving one heir, a son, Alfred J. Osgood. By the terms of said will the decedent left all of her estate to Eliza A. Osgood in trust for said son, A. J. Osgood. The trust was in form a spendthrift trust. The will named Eliza A. Osgood, wife of decedent's son, as executrix of said will and as trustee of said trust.

On September 21, 1939, Eliza A. Osgood, as executrix, filed her second and final account, report, and petition for distribution. In form it was regular and complete in all respects. However, Maggie A. Hoff filed objections and exceptions to said account and petition. In that pleading she alleged that on December 19, 1934, judgment was entered in her favor against A. J. Osgood for $5,716.70; that on April 16, 1935, she caused execution to be issued and served on all the right, title, claim and interest of defendant A. J. Osgood in

and to the estate of Janie M. Osgood and under the trust created and established by said will; that on April 24, 1935, she caused the interest so attached to be sold by the sheriff; that she purchased such interest for $100 and a certificate of sale was delivered to her which she still holds and which is wholly unsatisfied; that on April 30, 1935, she notified Eliza A. Osgood, as executrix, and demanded an account; that said Eliza A. Osgood replied in writing that said objector acquired no right, title or interest; that Alfred J. Osgood died March 6, 1937, and no administration of his estate has been had; that said trust is one for maintenance; that Eliza A. Osgood has made payments contrary to the terms of said will; and that said Eliza A. Osgood failed to report the existence of the attachment of the objector. To those objections and exceptions Eliza A. Osgood, as executrix, filed written opposition. The issues so framed were heard before the probate court. On March 21, 1941, it made findings, including among others the following: That under said levy and sale Maggie A. Hoff acquired no right, title, or interest in or to, or any lien upon any of the property of the estate of Janie M. Osgood, deceased, or any property belonging to the trust created by Janie M. Osgood; that said trust is a spendthrift trust; that Eliza M. Osgood has made no disbursements contrary to the terms of said will or said trust; that said trust is a valid trust; and that at no time since the death of Janie M. Osgood was there any surplus of rents or profits beyond the sum for the support and maintenance of said Alfred J. Osgood, now deceased, and no property in the estate of said Janie M. Osgood or in the trust created by said Janie M. Osgood in her said last will which is or was liable to or for the claims of creditors of said Alfred J. Osgood.

In said order dated March 21, 1941, said court overruled the objections of Maggie A. Hoff, ordered the said account to be settled, and ordered a decree of distribution to be entered as prayed in said petition. From the order so made, including the decree of distribution, the said Maggie A. Hoff has appealed under section 953a of the Code of Civil Procedure.

It will be noted that in her pleading the plaintiff made no claim the trust was invalid in any respect, and that the trial court made no findings on that subject. However, on the hearing, over the objection of the executrix, the plaintiff, subject to a motion to strike, introduced evidence to show the trust was invalid. The trial court made no ruling on the motion to strike.

■ The plaintiff contends that the probate court erred in denying the plaintiff relief (1) to the income that accrued from the estate between the death of the trustor and the death of the beneficiary, and (2) to the surplus income accruing under the trust. We find no merit in either contention. The plaintiff caused her writ to be levied April 16, 1935. Her rights were fixed as of that date. Neither in the trial court nor in this court has she made any attempt to state either the items or the balance of any account of moneys held by the executrix which was subject to the levy so made by the plaintiff. The trial court made a finding that the plaintiff ". . . acquired no right, title, or interest in or to, or any lien upon, any of the property of the estate of Janie M. Osgood, deceased." That finding may not be disturbed. In all we have said we have assumed that the will of the decedent, including the trust therein created, was valid in every respect.

But the plaintiff contends that the trust was invalid in part; and, she goes further and contends it was wholly invalid. Those contentions she predicates on her claim that the beneficiary placed certain of his properties in the hands of his mother, the trustor, and had her include such properties in the trust and said trust was to that extent invalid (*McColgan* v. *Walter Magee, Inc.*, 172 Cal. 182 [155 Pac. 995, Ann. Cas. 1917 D, 1050]); that the conveyances were made by the beneficiary fraudulently to hinder and delay his creditors; and that the trust was wholly void because it violated the laws prohibiting certain restraints on alienation and perpetuities. Conceding that such contentions may be heard and determined by a court having jurisdiction thereof (*McColgan* v. *Magee, Inc., supra*), it does not follow that the probate court in the instant case had power to hear and determine said questions.

■ In the trial court such contentions were made. Over the objection of the executrix the plaintiff introduced some evidence subject to a motion to strike. Later that motion was made and taken under advisement, but was not expressly ruled on. As plaintiff had not alleged the facts she was not prejudiced by the omission. (2 Cal. Jur. 1024.) Moreover, as will presently appear, the objections should have been sustained.

■ Assuming, solely for the purposes of this decision, that under certain circumstances the trial court could have heard and determined such matters, it could not properly do so in the absence of pleadings alleging the facts. (*Estate of*

*Crooks,* 125 Cal. 459, 462 [58 Pac. 89].) Here the plaintiff made no attempt to plead any of the facts showing, as she contends, that the trust was invalid in any respect. Moreover, it is a general rule that a probate court has no jurisdiction to hear and determine controversies between third persons and the estate of a deceased person or his heirs, legatees, or devisees. (*Martinovich* v. *Marsicano,* 137 Cal. 354, 356-358 [70 Pac, 459].) And in particular "There is no provision in the Probate Code for determining the rights of attachment and judgment lien creditors in the heir's or legatee's share of the decedent's estate, and such creditors are not entitled to distribution in the probate proceeding, but may urge their claims in a separate suit. (Citing authorities.)" (*McGee* v. *Allen,* 7 Cal. (2d) 468, 471 [60 P. (2d) 1026].) The plaintiff cites and relies on *Estate of Lind,* 1 Cal. (2d) 291 [34 P. (2d) 486]. But in that case the validity of a trust created by a will was not involved. But when the questions above mentioned arose the plaintiff was bound to go into a court of competent jurisdiction, plead the facts as required by well settled rules of law, and try the issues. (*City of Los Angeles* v. *Knapp,* 22 Cal. App. (2d) 211, 213 [70 P. (2d) 643].) ▇ Except as expressly provided by law, the probate court has no jurisdiction to distribute a decedent's estate except to heirs, devisees, or legatees. (11b Cal. Jur. 777.)

We find no error in the record. The order appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

