[No. 33485. Department One. February 7, 1956.]

RAY L. MALLICOTT, *Respondent*, v. MARY NELSON, *as Administratrix, Appellant.*[1]

*Garver & Garver,* for appellant.

*G. E. Lovell,* for respondent.

PER CURIAM.—The principal question presented in this case is whether the action, which is based on a claim timely filed in the administration of the estate of O. W. Harris, deceased, was prematurely commenced. Appellant contends that she, as administratrix of the estate, had not yet rejected the claim when the action was instituted. This is the basis of the first assignment of error.

The other assignments challenge findings of fact Nos. 3 to 8, inclusive, the conclusion of law predicated thereon, and

[1]Reported in 293 P. (2d) 404.

the entry of judgment establishing respondent's claim as a general claim against the estate in the sum of $953.65 plus interest, attorney's fees, and costs.

■ The findings referred to are not set forth in appellant's brief as required by Rule 43 of Rules on Appeal (34A Wn. (2d) 47, as amended, effective January 2, 1953). Therefore, the challenged findings must be accepted as verities. *Paulson v. Higgins,* 43 Wn. (2d) 81, 260 P. (2d) 318, 266 P. (2d) 800, and cases cited therein.

Reverting to the first error assigned, to wit, that the action was prematurely instituted because the claim had not yet been rejected by the administratrix, the material facts as found by the trial court are substantially as follows:

June 2, 1952—deceased executed and delivered to respondent his promissory note in the sum of three thousand two hundred fifty dollars, bearing interest at the rate of seven per cent per annum. This note is past due.

June 12, 1953 (August 10, 1953, is the correct date)—respondent duly filed his claim with the administratrix in the amount of $2031.48 plus interest, being the amount then due on the promissory note above referred to.

June 14, 1954—administratrix' attorney wrote respondent's attorney as follows:

"In connection with the claim of Ray L. Mallicott against the Estate of Oliver Wright Harris, deceased, I have now collected substantially all the figures, I believe, applying to his claim and if the figures I have are correct Mr. Mallicott has now been over paid about $630.00. I am notifying you to this effect as his attorney and suggest that you request Mr. Mallicott to refund this amount to the estate promptly."

June 28, 1954—respondent filed his complaint in this action.

The remaining findings relate to debits and credits arising as the result of various transactions between the deceased and respondent. The trial court, after setting forth the various items involved, balanced the mutual account and concluded that respondent had a valid claim against the estate in the sum of $953.65 plus interest, attorney's fees,

and costs. The judgment and decree established these sums as a valid general claim against the estate.

The single legal question for decision is whether the above-quoted letter constituted a rejection of respondent's claim against the estate under RCW 11.40.030. We cannot see how the letter can be interpreted as having any other meaning than that the estate owed respondent nothing. This is the only reasonable inference that can be drawn from the assertion by the administratrix that respondent had been overpaid about six hundred thirty dollars and should promptly refund this money to the estate. This letter was a rejection of the respondent's claim.

It is true that the letter was not sent to respondent by personal service or registered mail, as provided in the statute, but these provisions regarding the manner of giving notice to the claimant of the rejection of his claim are for the protection of the claimant, since he must institute suit on a rejected claim within thirty days after notice of rejection, or the action is forever barred. RCW 11.40.060. Therefore, the administratrix may not take advantage of her own failure to comply with the statutory provision as to the method of notifying respondent of her rejection of his claim, as she has attempted to do.

In this case, respondent instituted this action within thirty days after receipt of the letter from the administratrix' attorney. We hold that respondent's claim was rejected by the administratrix, and that this action was not prematurely brought.

Judgment affirmed.