Edward G. Baker, J.
Defendant Schwartz moves, under rule 106 of the Rules of Civil Practice, to dismiss plaintiff’s complaint upon the grounds 1) that same fails to state facts sufficient to constitute a cause of action and 2) that plaintiff lacks legal capacity to sue.
Plaintiff is a residuary beneficiary under the will of her late father. The defendants are her two brothers who are sued individually and as executors of her father’s estate; a corporation in which decedent allegedly had a one-half stock interest, and the moving defendant, Schwartz. The complaint, in the first cause of action, inter alia, alleges that said Schwartz and the decedent were copartners in the operation of a nursing home business which business was conducted in certain premises title to which was vested in a corporation. Each of s'aid partners, it is alleged, owned 50% of the issued stock of said corporation. It is further alleged that decedent’s interest in the partnership business ‘and nominal title to the stock in the corporation were, for convenience only," placed in the names of his two sons. It is alleged that a written agreement executed by decedent and his sons evidencing this arrangement was destroyed by one of the sons; that the sons now assert ownership of the stock and of decedent’s partnership interest, and, *1094 with defendant, Schwartz, have assumed control of the assets, business and affairs of the partnership. The second cause of action realleges all of the allegations of the first and contains additional allegations charging, in substance, that decedent was induced to transfer his said properties to his sons by the latters ’ false and fraudulent representation that they would take and hold title to same for his benefit.
Judgment is sought 1) declaring that the defendant sons hold the stock and decedent’s partnership interest in trust for the benefit of decedent’s estate and directing the transfer thereof to the executors 2) directing an accounting of the partnership business.
The complaint states a cause of action to impress a trust in ;he partnership assets for the benefit of the father’s estate and for an accounting. Defendant Schwartz is a necessary and proper party defendant. Assuming the truth of the allegations of the complaint, upon the death of the father, the partnership terminated and the only right accruing to the representatives of his estate was the right to an accounting by the surviving partner. If plaintiff succeeds in establishing that defendant sons hold decedent’s interest in the partnership in trust for the benefit of the estate, she will have established the necessary foundation for an accounting by the surviving partner, which then would be directed. (Partnership Law, §§ 51, 62; La Russo v. Paladino, 109 N. Y. S. 2d 627, affd. 280 App. Div. 988.)
I think plaintiff here has .capacity to sue. While it is true that generally the right to an account of a decedent’s interest in a partnership accrues only to his legal representatives (Partnership Law, § 74), the rule has its exceptions. (See McQuaide v. Perot, 223 N. Y. 75, 79-80; Long v. Majestre, 1 Johns. Ch. 305; Leopold v. Gold, N. Y. L. J., June 1, 1938, p. 2637, col. 3 [Shiextag, J.]; 21 Am. Jur., Executors & Administrators, § 1003; 23 C. J., Executors & Administrators, § 426, 34 C. J. S., Executors & Administrators, § 738.) The need for such an exception is apparent here. Again assuming the truth of the allegations of the complaint, it is apparent that the personal interests of defendant sons and their duty as executors of decedent’s estate are in obvious and irreconcilable conflict.
Defendant argues that to permit this complaint to stand would subject her to actions by other distributees, with possible varying or contradictory results. If, in fact, necessary and proper parties to the action have not been joined, defendant has a simple remedy (Rules Civ. Prac., rule 102, subd. 2).
The motion is, in all respects, denied.