Christopher C. McGrath, S.
In this proceeding brought by the executor of the deceased executor to judicially settle the the account of the decedent, a person named as a legatee in the will of the deceased executor, has filed objections “ individually and as natural and testamentary guardian ’ ’ of infants who are remaindermen of the trust created by the testator herein. A motion has been made to strike out such objections.
The objectant individually is not a person interested in this estate within the meaning of the statutes (Surrogates Ct. Act, §§ 257, 262). Her interest appears to be that of a person named as a legatee in the deceased executor’s will. Nothing in the Surrogate’s Court Act authorizes the appearance and the filing of objections by such a person (Matter of Croker, 144 Misc. 492).
While it is true that actions or proceedings with reference to the estate of a decedent can only be maintained by the executor or the administrator as the case may be, in some circumstances, remedies may be pursued by the legatee or distributee on behalf of the estate (Noll v. Smith, 250 App. Div. 453; Peller v. Katz, 15 Misc 2d 1093, 1094).
An analysis of the objections and the affidavits opposing the motion discloses that the major portion of the issues raised are clearly without substance in view of the tax schedules filed by the deceased executor. However, the objectant does seem to contend that the stock interest of the testator which is set forth in Schedule A of the account filed herein, has been liquidated and that substantial sums of money have been paid by the deceased executor to the life tenant and the adult contingent *847 remaindermen in liquidation of said stock interest. No claim or credit for such payments or advances has been asserted in the account filed herein.
In view of this circumstance and in order to make a full, equitable and complete disposition of the issue presented, the court in its discretion will permit the objectant to intervene for the sole purpose of presenting this question which, if successful, may serve to mitigate any possible liability.
Her purported appearance as ‘ ‘ natural and testamentary guardian ’ ’ for the infants is ineffective by reason of her failure to comply with rule VI of the Buies of the Surrogate’s Court, Bronx County. Furthermore, a special guardian has heretofore been appointed to protect the interests of such infants.
The motion to strike out the objectant’s notice of appearance and objections is granted except to the extent herein indicated.
Settle order.