LAWRENCE J. WERNING, Plaintiff and Appellant, *v.*
DOROTHEA C. McFARLAND, Executrix of the Last
Will and Testament of Verna Werning, Deceased, De-
fendant and Respondent.

No. 11194.
Submitted January 12, 1967.   Decided February 6, 1967.
423 P.2d 851.

138

Poore, Poore, McKenzie & Roth, Allen R. McKenzie (argued), Butte, for appellant.

John M. Radonich, Anaconda, William R. Taylor, Deer Lodge, Robert J. Boyd (argued), Anaconda, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from an order of the district court denying plaintiff's motion to set aside a decree of distribution and order of final discharge in a probate matter.

The will of Verna Werning was admitted to probate on July 6, 1965. The only beneficiaries were Lawrence J. Werning, plaintiff-appellant here and son of Verna Werning, and Dorothea C. McFarland, defendant-respondent and a niece of Verna Werning. Suit was brought against the respondent in her capacity as executrix of the estate of Verna Werning.

On July 27, 1965, the appellant filed a creditor's claim against the estate for services rendered to Verna Werning over a nine year period prior to her death. On the same day the respondent rejected this claim and notified appellant of the rejection in compliance with section 91-2709, R.C.M.1947. This section also provides that if a rejected claim is to be contested, the "claimant must bring suit in the proper court against the executor or administrator within three (3) months after the date such rejected claim is filed." The appellant did file a complaint on October 22, 1965, but summons was not served on the respondent until after she had been discharged from her duties as executrix. (Final discharge of the estate was filed on January 5, 1966; summons was served on January 17, 1966).

Section 91-3606, R.C.M.1947, provides for disputed and contingent claims and requires that the amount of such claims be paid into court pending resolution of the claim. It is the position of the appellant that there was no provision in the decree of distribution for his disputed claim and that the executrix was improperly discharged. The basic question is whether the failure of appellant to make service of the summons on the respondent before the final decree and discharge bars this action.

We hold that it does. The purpose of section 91-2709 is to compel a creditor whose claim has been rejected to promptly seek enforcement of such claim. Pierce v. Pierce, 108 Mont. 42, 89 P.2d 269. The appellant argues that the mere filing of a complaint satisfies the admonition of section 91-2709 to "bring suit" within three months after a claim is rejected by the executor. Under this analysis, the creditor's suit would be governed by the usual provisions of the Montana Rules of Civil Procedure. Rule 41(e) bars an action if a summons is not obtained within one year after the complaint is filed or if service of summons and return is not made within three years.

It appears from the record that the appellant was issued a summons when the complaint was filed on October 22, 1965. Allowing the appellant up to three years to make service

of summons would place an unreasonable burden on probate procedure and would ignore the purpose for which section 91-2709 was enacted. That section creates a special limitation on the type of suit before us. (Pierce v. Pierce, supra.) It also provides an exclusive remedy to enforce a rejected creditor's claim. In re Barker's Estate, 26 Mont. 279, 67 P. 941. Nominal adherence to the requirement to "bring suit" (by filing a complaint) within three months after the claim is rejected, without service of summons, is not substantial compliance with section 91-2709.

■■ This result is supported by the fact that when the decree of final distribution is entered and the executor is discharged, the executor no longer has any legal relationship to the estate and the court no longer retains jurisdiction over the executor. State ex rel. Petters & Co. v. District Court, 76 Mont. 143, 245 P. 529. Because the respondent herein was not personally served prior to discharge, the court below was without jurisdiction to entertain this action.

The appellant contends that even though section 91-2709 was not fully complied with, the final decree may be set aside on grounds of inadvertence or fraud. Authority cited is section 91-3516 of the Probate Code and Rule 60(b), M.R.Civ.P.

■ The allegation of fraud is based on the contention that the respondent had actual notice of appellant's suit prior to entry of the final decree and, having such notice, failed to bring this claim to the attention of the court. There is no duty on the part of the executor to protect a creditor's claim in this fashion, and other jurisdictions have so held. Chandler v. Probate Court for Kootenai County, 26 Idaho 173, 141 P. 635. There is no indication that the respondent was remiss in any of her statutory duties as executrix. Publication of notice of hearing on respondent's petition for decree of distribution and discharge was duly made. There is no evidence that respondent attempted to mislead the appellant or cause him to sleep on his rights. Appellant had every opportunity to protect his

claim and has no cause to discredit in any manner the conduct of the respondent.

While the failure of appellant to make service prior to the discharge of the executrix may have been through inadvertence, both section 91-3516 and Rule 60(b) rely upon the discretion of the district court, and relief will be granted only when deemed necessary and proper by the court below. In the absence of manifest abuse of this discretion, which we do not find here, the ruling of the District Court must be affirmed. In re Bank's Estate, 80 Mont. 159, 260 P. 128.

For the foregoing reasons the judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, DOYLE and JOHN C. HARRISON, concur.