*943 OPINION OF THE COURT
John D. Bennett, S.
This is a motion in a contested accounting proceeding to quash a subpoena duces tecum served, upon Parkchester Beach Club Corp. ("Parkchester”), a claimant in this estate on the grounds that: (1) the court does not have jurisdiction over the objections to which the books and records called for by the subpoena relate; (2) that the information sought is not relevant and material to the issues presented; and (3) that the objectants are estopped from in any way contesting the claim of Parkchester.
It is an understatement to state that this estate has been pending a long time. This intermediate accounting covers the period from the decedent’s death on March 15, 1966 to April 24, 1974. A number of conferences have been held with members of the court’s staff and the major problem confronted by the estate relates primarily to Parkchester, a corporation in which the decedent allegedly holds a minority interest (49%) valued at $1,450,000 in the account. From these conferences and papers before the court, it appears that a Joseph Goldstein, the secretary treasurer of Parkchester, is the majority or controlling stockholder and originally the owner of claims represented by promissory notes which have been assigned by him to Parkchester. The total claim filed by Parkchester amounts at this time to $514,513.58. The account after listing all of the claims including Parkchester’s and that of Green Hills Country Club, a subsidiary of Parkchester, contains a notation that none of them have been "accepted, rejected or paid” with one exception. Parkchester argues that its claim, not having been rejected, is deemed allowed. Although SCPA 1806 (subd 4) does provide that a failure to reject a claim results in its being deemed allowed, this is only a prima facie allowance and other interested persons are at liberty to attack the claim (Matter of Hayes, 25 AD2d 919).
Paragraph 10 of the answer contains an objection to the Parkchester and Green Hills claims with subparagraphs (a) through (d). At a pretrial conference the objectant conceded that the claims of Parkchester and Green Hills were valid and waived objection to their allowance (subparagraph [a]) but continued the objections set forth in subparagraphs (b), (c) and (d). Subparagraph (b) claims that interest on the claims has been waived. Subparagraph (c) claims that certain credits due the decedent should be offset against the indebtedness and *944 subparagraph (d) claims that Parkchester and its subsidiary were improperly managed causing substantial loss to the estate. It is as to the matters set forth in the subparagraphs to objection 10 that Parkchester claims the court lacks jurisdiction.
The expanding concepts of jurisdiction of the Surrogate’s Court have basically left only one limiting factor to the exercise of its jurisdiction: that the matter relate to the affairs of a decedent (Raymond v Davis, 248 NY 67; Dunham v Dunham, 40 AD2d 912; Matter of Zalaznick, 84 Misc 2d 715; Matter of Young, 80 Misc 2d 937; Matter of Goldstein, 79 Misc 2d 4; Matter of Gebauer, 79 Misc 2d 715; Matter of Rothko, 69 Misc 2d 752, affd 40 AD2d 1083; Matter of MacElroy, 58 Misc 2d 93).
Here, however, there is present more than merely the factor that the matter relates to the affairs of a decedent. Joseph Goldstein originally and Parkchester subsequently have filed claims with the executor which in effect amount to the commencement of a proceeding in this court (Matter of Feinberg, 18 NY2d 499). Moreover, Parkchester has appeared in this proceeding following service of process on it and has thereby submitted itself to the jurisdiction of this court. To decide only its claim against the estate without taking into consideration offsets or claims by the executor against Parkchester would be to fragment the controversy, resulting in a multiplicity of actions, delay and therefore a denial of justice.
Surrogate’s Courts have traditionally taken cognizance of claims by the estate of offsets against shares of beneficiaries (3A Warren’s Heaton, Surrogates’ Courts [6th ed], § 309, subd 7). There is no difference in concept between the jurisdiction to determine an offset against a legatee on the one hand or against a creditor of the estate on the other hand and there seems to be no doubt about this jurisdiction in probate courts generally (2 Woerner, American Law of Administration [3d ed], p 1017). While not specifically adverting to the theory of offsets factually the case of Raymond v Davis (supra) concerns an adjustment of relative claims between a deceased partner and a claimant surviving partner. There, Chief Judge Cardozo stated (p 71): "There remains a question of jurisdiction and procedure. Liquidation may be ordered by a decree of the surrogate as an incident to the allowance or rejection of a claim to share as creditor in the assets of the estate. Only by such relief can there be complete justice between the parties *945 without oppressive expense or harrowing delay.” (See, also, Matter of Kalik, 178 Misc 607; Matter of Denberg, 66 Misc 2d 508.)
The recent case of Matter of Maki v Ziehm (55 AD2d 454) similarly adverted to the fact that in any proceeding involving a claim against the estate, the subject matter jurisdiction of the court is generally expanded. There the Appellate Division converted the proceeding into a stockholder’s derivative action over which the Surrogate’s Court was held to have jurisdiction, all of the necessary parties being before the court. Accordingly the court holds that it has complete equitable jurisdiction to determine the merits of subparagraphs (b) through (d) of objection 10 and that since the books and records of Parkchester will inevitably relate to those objections, the motion to quash the subpoena duces tecum is denied.
Parenthetically, it is not controverted that Parkchester has already submitted these books and records on an examination before trial. At this point it appears somewhat belated to argue that after having permitted an examination of the books they should not be produced for trial where the efforts of those examinations may bear fruit.
Objection 3 seeks to surcharge the executor for his failure to obtain a determination as to the ownership of two additional shares of Parkchester which represent a controlling interest. Traditionally this type of objection merely reviews whether the actions of the executor in refusing to commence litigation were, under all of the circumstances, prudent and reasonable (Matter of Fantl, 249 App Div 392; 4 Warren’s Heaton, Surrogates’ Courts [6th ed], § 341, subd 3, pars [d], [e]), the theory being that only the representative has the right to commence suit and not the beneficiary and that therefore the beneficiary is relegated only to a possible surcharge against the executor with one exception: where the executor’s refusal to sue is unreasonable (McQuaide v Perot, 223 NY 75; Josephberg v Cavallero, 262 App Div 1; Peller v Katz, 15 Misc 2d 1093). Whether the executor here has been unreasonable in his refusal to litigate and if so, whether this court should take jurisdiction of the issue and determine the ownership of the two controlling shares of stock will depend on the record as this matter proceeds toward decision. To insure that all interested persons are before the court, supplemental citation *946 should issue to Joseph Goldstein and any other shareholder of Parkchester.
This matter has been referred to a law assistant-referee and Parkchester by the stipulation has consented to the procedure (SCPA 506). If there is any doubt about such consent the matter will be tried by the court.