Savilla NOYES, Appellant (Plaintiff below),

v.

FIRST NATIONAL BANK OF RAWLINS, Personal Representative of the Estate of Ellen M. Vernon, Deceased, and F. A. Rummel, Jr., Agent, and Estate of Ellen M. Vernon, Deceased, Appellees (Defendants below).

No. 4967.

Supreme Court of Wyoming.

Jan. 19, 1979.

Dennis G. Bonner, Craig, Colo., for appellant.

John A. MacPherson and Catherine L. Dirck, of MacPherson, Golden and Brown, Rawlins, for appellees.

Before RAPER, C. J., McCLINTOCK, THOMAS and RCSE, JJ., and GUTHRIE *, J., ret.

---

* At the time of oral argument, while this case was under advisement and at the time a deci-

sion was reached, GUTHRIE, J., was Chief Justice. He retired from the Court on December

ROSE, Justice.

This appeal comes here from a judgment arising out of an action where Savilla Noyes, as Guardian of an incompetent, Ellen M. Vernon, asks reimbursement of expenses incurred in the performance of her guardianship duties. On January 16, 1977, after Ellen Vernon's death, the First National Bank of Rawlins was appointed administrator of her estate. The appellant-plaintiff timely filed a claim with the estate for guardianship services, which claim was rejected by mailing notice thereof to Savilla O. Noyes, Baggs, Wyoming, when, at the time of mailing, Savilla O. Noyes alleges she was residing at Dixon, Wyoming. The rejection notice was mailed February 9, 1977, but the appellant claims it was not received until April, 1977.

On June 21, 1977, appellant filed a Petition for Reimbursement of Guardianship Expenses Incurred (and for extraordinary services performed) in the guardianship proceedings and, at a show-cause hearing on ʹJune 30, 1977, the court ruled that this action was not the proper remedy and any relief must come from the probate estate of the deceased ward.

Within twenty days of the court's ruling, the appellant filed her action in district court, and, following the disposal of preliminary matters, filed an amended complaint on November 1, 1977. Appellees-defendants filed various motions for summary judgment supported by affidavits, the last of which was granted on the ground that the plaintiff failed, within three months after the mailing of the rejection of her claim, to bring suit, as required by the statutes of this state (see § 2–6–207, W.S. 1977). It is from this order that the appeal is taken.

We will affirm.

The issues reserved for our consideration are:

1. Whether an action against the guardianship lies after the death of the ward; and

2. Whether the plaintiff-appellant timely filed suit after the rejection of her claim in the probate file.

## Issue Number 1

■ The death of the ward terminates the guardianship. It is said in 5 Bancroft's Probate Practice (2nd Ed. 1950), § 1436, p. 402:

"The death of the ward necessarily terminates the relationship of guardian and ward, and any further exercise of legal authority by the guardian is unauthorized and void, except to render an account and turn over the property of the estate to the proper person. . . ."

We recognize the above as the applicable and prevailing rule of law.

## Issue Number 2

■ The guardianship having terminated upon the death of the ward, the only forum for filing claims was in the probate estate.

■ Section 2–6–207, W.S.1977, provides that when a claim is filed with the clerk of court and rejected by the administrator, notice of such rejection will be given in the manner provided by § 2–6–205, W.S.1977. This last-mentioned statute provides the claimant shall be notified of the rejection by registered mail.

In this case, notice to creditors was published January 17, 19, 26, 1977; January 18, 1977, appellant filed her claim; the rejection by the representative of the administrator was filed on February 9, 1977, and on the same day the notice of rejection was forwarded by certified mail to the claimant at "Baggs, Wyoming 82321." On April 6, 1977, the appellant's attorney wrote to the former president of appellee-administrator, acknowledging that both he and his client knew of the claim rejection and asking the appellee to reconsider its rejection decision. When this letter was posted, it was well

31, 1978. By order of the Court, entered on January 1, 1979, he has been retained in active judicial service pursuant to Article 5, Section 5,

Wyoming Constitution, and Section 5–1–106(f), W.S.1977.

within the time when claimant could have pursued her right to enforce the claim in court under the three-month provision of § 2–6–207, W.S.1977, supra. This she did not choose to do. Instead, she waited until after the three months provided for filing suit upon rejected claims had expired, and undertook to pursue her rights in the guardianship estate. This we have said she could not do. She was then out of time within which to bring suit following the rejection of her probate claim (§ 2–6–207, W.S.1977, supra), and, in fact, she did not file her civil action until July 20, 1977, which was two months after the limitations imposed by statute.

The facts and the statutes being what they are, there really is no room for decision-making here. The relevant statute says that when a claim is rejected and notice given, the holder must bring suit ". . . within three (3) months after the date of mailing such notice, . . . otherwise the claim shall be forever barred." § 2–6–207, W.S.1977.

That is mandatory language. We have no authority to undertake a strained interpretation or to make exceptions to statutes which speak so clearly and unequivocally. That we have no such authority is a proposition which, itself, is so fundamental as to not require authority.

We hold that when the rejection of the claim was mailed under the statute, the claimant had three months to file a complaint in district court. This she failed to do. Her failure is not relieved by filing a claim in the guardianship estate because the guardian-ward relationship terminated upon the death of the ward, and to file the claim there did not toll the § 2–6–207 statute of limitations.

We note in passing that the appellant can take no comfort in the contention that the notice of rejection was mailed to Baggs when it is asserted the appellant was, at the time, residing at Dixon, Wyoming. This is so for at least three reasons: First, the issue was not raised below and we will not consider it for the first time upon appeal, *Merritt v. Merritt*, Wyo., 586 P.2d 550

(1978); second, the record does not support the contention; and third, the record affirmatively shows actual notice of the rejection at a time when the limitation statute had not run.

Affirmed.