[No. 3700-2-III. Division Three. December 16, 1980.]

MAY MARQUAM, *Appellant,* v. NATALIE STONE ELLIS, *as Administratrix, Respondent.*

*John Toohey* and *Richard C. Robinson*, for appellant.

*Fred L. Stewart* and *McNally & Stewart*, for respondent.

MUNSON, J.—May Marquam appeals a summary judgment dismissing her creditor's claim. We reverse, holding that notice of the rejection of a claim in probate must be served personally or by certified mail to the claimant.

The pertinent uncontroverted facts may be summarized as follows:

Kenneth Stone died May 10, 1978. On September 29, May Marquam through her attorney served upon the attorney for the administratrix of the decedent's estate a notice of claim to recover $10,800 for services rendered to Mr. Stone as his live–in housekeeper, nurse, and companion. The claim was filed in Superior Court on October 2. On October 4, the administratrix's attorney sent by first class mail a notice of rejection to the claimant's attorney. The notice of rejection was filed October 24. On May 9, 1979, Marquam filed suit.

The sole issue is whether the rejection notice sent to the claimant's attorney was sufficient compliance with RCW 11.40.030(3)[1] to trigger the running of the limitation

---

[1]RCW 11.40.030(3) provides:

"(3) If the personal representative shall reject the claim, in whole or in part, he shall notify the claimant of said rejection and file in the office of the clerk, an affidavit showing such notification and the date thereof. Said notification shall be by personal service or certified mail addressed to the claimant at his address as stated in the claim; if a person other than the claimant shall have signed said claim for or on behalf of the claimant, and said person's business address as stated in said claim is different from that of the claimant, notification of rejection shall also be made by personal service or certified mail upon said person; the date

period of RCW 11.40.060.[2] We answer in the negative. The statutory provisions regarding to whom and in what manner a notice of rejection must be given are for the protection of the claimant. *Mallicott v. Nelson,* 48 Wn.2d 273, 293 P.2d 404 (1956). Absent a showing of compliance with RCW 11.40.030, the limitation period of RCW 11.40.060 does not commence to run. We are aware *Mallicott v. Nelson, supra,* held an informal notice of rejection sent only to the claimant's attorney was sufficient to permit the claimant to bring suit to enforce her claim; however, that case must be strictly limited to its facts.[3] To do otherwise would invite unnecessary litigation of factual issues. The statute is clear and precise; notice of rejection by personal service or by certified mail to the claimant is not burdensome.

Judgment reversed and the case is remanded for trial.

GREEN, C.J., and MCINTURFF, J., concur.

---

of the postmark shall be the date of notification. The notification of rejection shall advise the claimant, and the person making claim on his, her, or its behalf, if any, that the claimant must bring suit in the proper court against the personal representative within thirty days after notification of rejection or before expiration of the time for serving and filing claims against the estate, whichever period is longer, and that otherwise the claim will be forever barred."

[2]RCW 11.40.060 provides:
"When a claim is rejected by the personal representative, the holder must bring suit in the proper court against the personal representative within thirty days after notification of the rejection or before expiration of the time for serving and filing claims against the estate, whichever period is longer, otherwise the claim shall be forever barred."

[3]In *Mallicott v. Nelson, supra,* the claimant filed his claim; it was informally rejected; he promptly and successfully sued to have it allowed; and the administratrix attempted to force a useless relitigation by claiming she did not reject the claim in a statutorily proper fashion. Hence, to allow the administratrix to vitiate the claimant's actions on the grounds of prematurity would have been unjust.