Kent A. HANSON, Executor and Personal Representative of the Estate of Donald P. Hanson, deceased, and Anna M. Hanson, Appellants (Plaintiffs),

v.

The ESTATE OF Charles F. BELDEN, a/k/a Charles Franklin Belden, deceased, Appellee (Defendant).

No. 83–60.

Supreme Court of Wyoming.

Sept. 9, 1983.

John B. Scott, argued, Kathleen A. Hunt, and John E. Stanfield, argued, of Smith, Stanfield & Scott, Laramie, for appellants.

Thomas A. Fennell and Roy Stoddard, Jr., Cheyenne, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

CARDINE, Justice.

This is an appeal from an order granting summary judgment because plaintiffs' action was not filed within the thirty-day period provided in the Probate Code. We reverse and remand.

Appellants raise six issues of error:

"1. Did the 30 day limitation under § 2–7–718, Wyoming Statutes 1977, for filing suit ever become effective since the Appellee failed to send the notice of rejection by certified mail as mandated by that statute and by § 2–7–712, W.S.1977?

"2. Did the Trial Court fail to apply basic rules of equity in granting the Appellee's motion for Summary Judgment[?] In this regard, did the Court give proper effect to Iowa case law, which is the law of origin for the Wyoming Probate Code under the applicable decisions of this Court? Further, was summary judgment proper as to this issue?

"3. Does the Doctrine of Equitable Estoppel prevent the Appellee and/or its insurance carrier from relying on the Probate Code proviso that suit must be commenced within 30 days after denial of the claim?

"4. Did the Court err in its application of Rule 6 (WRCP) in its computation of time to file?

"5. Does § 2–14–202, W.S.1977, which allows 2 years in which to file a wrongful death suit, control the general 30 day limitation under the Probate Code?

"6. Is the Probate Code as it applies to this situation in violation of Article 1, Section 6 and Section 8 and Article 10, Section 4, of the Wyoming Constitution?"

Since we agree with appellant as to issue one, it is unnecessary to discuss the other five.

This case arises out of an automobile accident in which both Mr. Hanson and Mr. Belden were killed and Mrs. Hanson was severely injured. The probate of Mr. Belden's estate was commenced in the Sheridan County District Court on November 12, 1981. The first publication of the notice to creditors occurred on February 1, 1982. A timely creditor's claim was filed on behalf of the Hanson family for the wrongful death of Mr. Hanson and the injuries to Mrs. Hanson. On February 23, 1982, that claim was rejected by the personal representative of the Belden estate.

The notice of rejection of the creditor's claim was mailed regular mail (not certified) and received in the office of counsel for plaintiffs on February 25, 1982. On March 31, 1982, a civil action for wrongful death and personal injuries was filed by appellants against appellee's estate. This action was not filed within thirty days after actual receipt of notice of the rejection.

Section 2–7–712(d), W.S.1977, provides: "When a claim has been filed with the clerk and is rejected in whole or in part, the personal representative shall immediately upon rejection notify the claimant by *certified mail*." (Emphasis added.) When this statute is complied with, it triggers § 2–7–718, W.S.1977:

"When a claim is rejected and *notice given as required,* the holder shall bring suit in the proper court against the personal representative within thirty (30) days after the date of mailing the notice, otherwise the claim is forever barred." (Emphasis added.)

Therefore, we must answer the question whether a claim rejection sent by regular mail and received by claimant's attorney fulfills the notice requirements of § 2–7–712(d) in order to trigger § 2–7–718 and start the running of the thirty-day period within which the claim must be filed.

The district court granted summary judgment on the theory that the suit was not filed within the thirty-day period. The

court stated that because the notice of rejection was not sent by *certified mail* as required by the statute, it was possible that the thirty-day period for filing did not commence to run until the notice was actually received on February 25, 1982. However, even using the date of receipt, rather than the date the letter was mailed, the action was not filed within the thirty days provided.

We hold that, notice having not been given by *certified mail* as required, the thirty-day period did not begin to run and the action is not barred. We note the rule of law that, generally, actual notice is a sufficient substitute for notice by mail and that defects in complying with technicalities can be ignored when actual notice is proved. However, in this situation, the thirty-day period for filing of a claim is so short, that strict compliance with the requirements of notice by certified mail ought to be required. The statute is clear and precise. The notice of rejection by certified mail to the claimant is not burdensome.

There are some practical reasons for requiring notice of rejection by certified mail. One is more likely to pay close attention to a letter that is certified than one received by ordinary mail. In addition, certified mail avoids any question as to whether or when actual notice of rejection was received.

Washington has probate statutes similar to ours, in that notification of rejection shall be by personal service or certified mail addressed to the claimant and that, after rejection, one has thirty days for bringing actions against the estate. The Washington court of appeals, *Marquam v. Ellis,* 27 Wash.App. 913, 621 P.2d 190 (1980), considered the issue of whether a rejection notice sent to the claimant's attorney was sufficient compliance with the statute in order to trigger the running of a limitation period. They held that the statutory provision regarding to whom and the manner in which the rejection must be given was for the protection of the claimant; and, there-

fore, absent a showing of compliance, the limitation period did not commence to run.

Appellee relies upon *Noyes v. First National Bank of Rawlins,* Wyo., 589 P.2d 384 (1979), for the proposition that the mailing of the notice of rejection as required by the statute is unnecessary where the claimant has actual notice of rejection of the claim. *Noyes* is not controlling here. First, the decision involved a different statute—one allowing three months after rejection in which to file suit; second, notice of rejection was sent certified mail in *Noyes*; and third, the claimant in *Noyes* had been guardian of the decedent, had a close relationship with her, and the debt existed before death. *Noyes* did not involve a personal injury claim that arose upon decedent's death.

The short limitation period of the Probate Code has always been a problem when applied to personal injury and wrongful death actions. The persons involved in the accident usually are not acquainted. They have had no business dealings and often reside in different towns. The claim is for persons injured, perhaps hospitalized, incapacitated, under medical care and treatment, or recuperating from the accident. They continue to incur medical bills. The claim may not mature for months. Usually, the claimant is looking to an insurance company for payment.

Appellant signed a release of possible judgment lien against real estate in the Belden estate and also offered to exempt the assets of the Belden estate from any personal liability for their damages. Appellant offered to look only to the applicable insurance coverage and assets of the insurance company for satisfaction of any judgment in their action against the Belden estate. The probate of the Belden estate will not be held up or burdened by the allowance of this claim.

It seems to us that a claim
(a) that looks only to the proceeds of an insurance policy for satisfaction,
(b) where that insurance policy is not subject to claims of other creditors of the estate, and

(c) is not an asset for distribution to heirs, or devisees
(d) and that does not interfere with the orderly administration and probate of the estate,

ought not be subject to the thirty-day limitation period for bringing actions as provided for in the Probate Code. It is suggested that consideration be given to appropriate legislation in this area.

The order of summary judgment is vacated and the case remanded for further proceedings in conformance with this opinion.