**Leo Dale ZMIJEWSKI, Personal Representative of the Estate of Jack L. Zmijewski, Appellant (Contestee),**

v.

**Marilyn R. WRIGHT, Appellee (Contestant).**

No. 90–285.

Supreme Court of Wyoming.

April 19, 1991.

Floyd R. King of King & King, Jackson, for appellant.

Frank Hess, Jackson, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

URBIGKIT, Chief Justice.

This appeal questions the consequence to an estate when the personal representative fails to file a written rejection of a claim as required by W.S. 2–7–712(a) or notify the claimant by certified mail of the rejection as required by W.S. 2–7–712(d). The district court determined that noncompliance with the statutes creates an established obligation for payment by the estate and granted the creditor summary judgment for the entire claimed amount without right of contest in substance or amount.

We reverse and remand.

The appellant presents the following issues:

### I.

Did the court err in finding as a matter of law that if a claim is not rejected in compliance with Section 2–7–712, W.S. 1977, that it must be paid?

### II.

Did the court err in granting judgment on the pleadings/summary judgment, thereby requiring the payment of a creditor's claim barred by the Wyoming statute of limitations and statute of frauds?

### III.

Did the court err in finding that there was no factual dispute raised by the pleadings in granting summary judgment to the appellee?

With a finding that a decision on the first issue is dispositive, we do not address the other appellate contentions.

Leo Dale Zmijewski (Personal Representative), as the personal representative of the estate of Jack L. Zmijewski, published a Notice of Probate in the Jackson Hole News, beginning on April 12, 1989. Within a month, Marilyn R. Wright (Claimant) filed a creditor's claim against the estate for $10,144.14. Nearly a year later, the Personal Representative rejected all but a small portion of the claim and mailed a rejection for the remainder of the claim to the Claimant. This rejection came approximately two months after a contested hearing on the estate in which the district court had allowed the Claimant's claim. The Claimant filed a separate lawsuit in the district court on the claim.[1]

---

**1.** There are some problems with the record in documentation since the probate file is not presented here. We do not disagree with the general legal statement made by Claimant in brief. "A court may take judicial notice of its own records in litigation that is interconnected with the case on review. *Reeves v. Agee,* 769 P.2d 745, 758 (Okl.1989)." Claimant then continues:

In paragraph 1, 2, 3, 4 and 6 of the Order Granting Judgment on Pleadings/Motion for

Summary Judgment, it is apparent that the District Court Judge must have taken judicial notice of Probate Action 1410.

The presented difficulty is that there is no record provided that the district court judicially noticed the probate file in this independent action and there is no documentation of what may have been judicially noticed provided here for our appellate review as a portion of the present record. *Louisiana Land and Exploration Co. v. Wyoming Oil and Gas Conservation Commis-*

The Claimant contended the Personal Representative was barred from rejecting her claim because he had not complied with W.S. 2–7–712(a) and (d).[2] Stating that the Personal Representative neither filed a written rejection with the clerk within thirty days after the expiration of the time for filing a claim as required by W.S. 2–7–712(a) nor mailed the rejection by certified mail as required by W.S. 2–7–712(d), Claimant concludes such failure made payment of the claim mandatory to be in effect a default judgment for a liquidated indebtedness. Cf. W.R.C.P. 55; Lawrence–Allison and Associates West, Inc. v. Archer, 767 P.2d 989 (Wyo.1989) and Midway Oil Corp. v. Guess, 714 P.2d 339 (Wyo.1986).

The Personal Representative claims instead that his failure to comply with W.S. 2–7–712(a) and (d) does not prevent him from currently rejecting the claim but merely prevents the running of the thirty day period within which a suit must be filed for the rejected claim under W.S. 2–7–718.[3]

The district court agreed with the Claimant and granted her summary judgment for the entire amount claimed, reduced only by the amount previously allowed and paid from the estate. The Personal Representative appeals.

We review a summary judgment in the same light as the district court, using the same materials and following the same standards. Baros v. Wells, 780 P.2d 341 (Wyo.1989); Roybal v. Bell, 778 P.2d 108 (Wyo.1989). Summary judgment is proper only when there are no genuine issues of material fact and the prevailing party is entitled to judgment as a matter of law. Baros, 780 P.2d 341; Farr v. Link, 746 P.2d 431 (Wyo.1987).

Under our standard of review for summary judgments, a judgment is inappropriate if there was a genuine issue of material fact or if the prevailing party was not entitled to the judgment as a matter of law. Cordova v. Gosar, 719 P.2d 625 (Wyo. 1986). The issue presented here requires application of W.S. 2–7–712. Our construction of its provisions and effect begins with familiar rules of statutory interpretation and construction. If the language of a statute communicates a plain meaning to this court, that meaning will be applied. See Adobe Oil & Gas Corp. v. Getter Trucking, Inc., 676 P.2d 560 (Wyo.1984). At the same time, we construe all portions of an act with reference to one another to achieve consistency in effect for what ap-

---

sion, —— P.2d —— (Wyo.1991) (No. 90–82, decided 4/18/91).

**2.** W.S. 2–7–712 provides in pertinent part:

(a) When a claim, accompanied by the affidavit required in W.S. 2–7–704, has been filed with the clerk, the personal representative shall allow or reject it and his allowance or rejection shall be in writing and filed with the clerk within thirty (30) days after the expiration of the time for filing claims.

\*   \*   \*   \*   \*   \*

(d) When a claim has been filed with the clerk and is rejected in whole or in part, the personal representative shall immediately upon rejection notify the claimant by certified mail.

We do not understand any of the computations included in the record or stated in the briefs establishing the proper last day to have filed the rejection and to serve the creditor in accord with this statute.

A Notice of Probate was published April 12, 19 and 26, 1989 (inaccurately stated as 1990). The creditor's claim was filed May 10, 1989. The record indicates that the Personal Representative allowed the sum of $794.53 of the claim, deducted real estate taxes of $242.31,

paid $552.22 and, in some fashion, orally rejected $9,591.88. He did not then, however, file the statutory rejection of claim, W.S. 2–7–712(a), or serve notice by certified mail, W.S. 2–7–712(d).

The expiration of the time for filing claims as recognized in W.S. 2–7–712(a) is established by W.S. 2–7–201 to be three months after the date of the first publication which was in this case July 11, 1989. The time for filing the rejection came thirty days thereafter on August 10, 1989. In summary, the statutory time to file objections to claims is three months and thirty days from the date of the first publication of the creditor's notice.

Although the rejection was clearly not filed on time, we find in the record a designated last date for rejection of three months after the first notice and another contended date of three months after the third notice—July 11 and July 25—neither of which is correct.

**3.** W.S. 2–7–718 provides:

When a claim is rejected and notice given as required, the holder shall bring suit in the proper court against the personal representative within thirty (30) days after the date of mailing the notice, otherwise the claim is forever barred.

pears to be the legislative purpose to the entire act. *Story v. State,* 755 P.2d 228 (Wyo.1988); *Hamlin v. Transcon Lines,* 701 P.2d 1139 (Wyo.1985); *United States v. Hartwell,* 6 Wall. 385, 73 U.S. 385, 18 L.Ed. 830 (1867). "The proper course in all cases is to adopt that sense of the words which best harmonizes with the context and promotes in the fullest manner the policy and objects of the legislature." *Hartwell,* 73 U.S. at 396. This rule, since originally stated in 1867, remains foundational today for statutory construction.

In *Hanson v. Estate of Belden,* 668 P.2d 1331 (Wyo.1983), this court held that the failure to fulfill the requirements of W.S. 2–7–712(d) prevents the triggering of W.S. 2–7–718 and therefore prevents the "running of the thirty-day period within which the claim must be filed." *Id.* at 1332. The rationale for such a holding was based upon the concept that the "statutory provision regarding to whom and the manner in which the rejection must be given was for the protection of the claimant; * * *." *Id.* See *Marquam v. Ellis,* 27 Wash.App. 913, 621 P.2d 190 (1980) and *Mallicott v. Nelson,* 48 Wash.2d 273, 293 P.2d 404 (1956). Consistent with the holding and rationale of *Hanson,* we hold that the failure to fulfill the requirements of W.S. 2–7–712(a), assuming no estoppel is present,[4] merely prevents the triggering of W.S. 2–7–718 and the running of the thirty-day period in which a claim must be filed.

Our decision is also consistent with the apparent preponderant view of other jurisdictions where late rejection is permitted in the absence of preclusion by estoppel concepts. A current case with similar facts is *Matter of Estate of Roddy,* 784 P.2d 841 (Colo.App.1989). The failure of a proper denial notice resulted in the claim being "deemed allowed". However, while the es-

tate was still open, a disallowance notice was given. The court found that the disallowance was proper and that the creditor had an appropriate time thereafter to contest.[5] The case involved a claim for wages and services provided by the claimant to the decedent in late life.

A similar result is attained in a series of Florida cases where the probate judge was given authority after the expiration of the time ·for rejection to further extend the opportunity to the personal representative or executor for good cause. *Baldwin v. Lewis,* 397 So.2d 985 (Fla.App.1981); *In re Oxford's Estate,* 372 So.2d 1129 (Fla.App. 1979), *cert. denied* 383 So.2d 1200 (Fla. 1980); *Atlantic Nat. Bank of Jacksonville v. Kirkwood,* 152 Fla. 59, 10 So.2d 743 (1942). In *Baldwin,* no notice to the personal representative herself was provided and this omission furnished good cause for delayed rejection where the trial court decision to the contrary was reversed on appeal.

In *Estate of Deitch,* 92 Misc.2d 942, 401 N.Y.S.2d 732 (1978), *aff'd* 67 A.D.2d 839, 412 N.Y.S.2d 532 (1979), the non-rejected claim totalled $514,513.58. The New York court held that failure to reject was only a *prima facia* allowance leaving other interested persons "at liberty to attack the claim." *Id.* 401 N.Y.S.2d at 733. The basic thesis combines consideration for an orderly proceeding with recognition that the rejective time is for the protection of the estate in order to start statute of limitations suit time, *Werning v. McFarland,* 149 Mont. 137, 423 P.2d 851 (1967), and for the claimant to have the decision properly made. *Marquam,* 621 P.2d 190; *Mallicott,* 293 P.2d 404. See likewise *Hanson,* 668 P.2d 1331.

Claimant cites two cases which we do not necessarily find to provide a contrary per-

---

**4.** Laches or estoppel which can be applied to avoid an injustice resulting from the personal representative's neglect or default (or usually the counsel for the estate) need not be addressed and was not briefed as an issue on appeal. Claimant retains a full opportunity to litigate the validity of her claim in the pending proceedings. *Gladman v. Carns,* 9 Ohio App.2d 135, 223 N.E.2d 378 (1964).

**5.** The Colorado court distinguishes *Hamilton's Estate v. Egan,* 633 P.2d 1100 (Colo.App.1981), where the belated rejection did not come until the estate was closed. The *Hamilton* court held that the probate court was not required to reopen the estate to litigate a belated rejection. *See likewise Werning v. McFarland,* 149 Mont. 137, 423 P.2d 851, 857 (1967).

suasion. Essentially, they reach a *Hamilton* status of changed condition or estoppel derived from delayed rejection notice. In *Gladman v. Carns*, 9 Ohio App.2d 135, 223 N.E.2d 378 (1964), the filed claim was neither allowed nor rejected and the claimant then gave a five-day notice to the executrix to take action or a suit would be commenced. The court first recognized the time constraints and failed responsibility of the estate and concluded, where the issue was the appropriateness of the form of the claim when initially presented:

> For obvious reasons, a fiduciary should not be permitted to accept a claim within the statutory period, hold it indefinitely, and then raise the statute of limitations as a defense because of some claimed defect in its form.

*Id.* 223 N.E.2d at 381. The court's decision was based on an estoppel concept.

The Idaho case of *McKenney v. McNearney*, 92 Idaho 1, 435 P.2d 358 (1967), cited by Claimant, is similar. The rule stated was:

> [I]t is * * * clear that the personal representative of the estate should not be permitted to profit because of the representative's own failure to reject a claim duly filed. * * *
>
> It is a general rule of equity that a party will not be permitted to benefit by or take advantage of his own fault or neglect.

*Id.* 435 P.2d at 360–61. The actual decision of the court was that lacking proper rejection, a bar to the claim was not created by time passage beyond the otherwise applicable three months after rejection statute.

> Viewing the benefit which would accrue both to respondent and the estate were we to hold that appellant's claim is now barred, we are constrained to the view that respondent, by failing to take any affirmative action relating to the claim as required by [Idaho statute], is equitably estopped from asserting that the claim is barred.

*Id.* 435 P.2d at 362.

Finding no preclusive estoppel issue presented here, the summary judgment is reversed and the case is remanded for further proceeding to determine the validity of the contested claim.