Lila Mae FAYLER, individually and as personal representative of the Estates of Sierra Sunshine Fayler–Smead, Angela Marie Fayler–Hernandez, and Jessie Nepthali Fayler–Hernandez, Plaintiff—Appellant,

v.

Beverly KARAU, as personal representative for the Estate of Larry Fayler, Defendant—Appellee.

No. 01–35727.

D.C. No. CV–94–00119–DWM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2002.

Decided Nov. 14, 2002.

Before TROTT, T.G. NELSON and THOMAS, Circuit Judges.

MEMORANDUM *

Lila Fayler appeals the order of the district court setting aside a judgment of default and dismissing the complaint for improper service of process. We affirm.

---

Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

## I

■ The district court had jurisdiction of this action pursuant to 28 U.S.C. § 1332. Jurisdiction was not foreclosed by the probate exception to diversity jurisdiction which merely prohibits federal courts from probating a will or administering an estate. *Markham v. Allen,* 326 U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256 (1946). The pleadings in the instant case do not require the district court to perform either task. Nor does California law vest exclusive jurisdiction of such matters in its probate courts. Contrary to Lila Fayler's assertion in her briefing, a probate court in California "has no jurisdiction to hear and determine controversies between third persons and the estate of a deceased person." *In re Osgood's Estate,* 52 Cal.App.2d 293, 126 P.2d 6, 7 (1942). The requirement that a claim be first presented to the probate court, *see* Cal. Prob.Code § 9390, does not divest a non-probate court from jurisdiction to hear a tort action. *Van Ort v. Estate of Stanewich,* 92 F.3d 831, 841 (9th Cir.1996).

## II

■ The decedent's probate estate was closed by the California Superior Court sitting in probate and Beverly Karau was discharged as personal representative on April 7, 1994. Montana law provides that an adjudication concerning an estate representative in another jurisdiction will be recognized in Montana. Mont.Code Ann. § 72–4–402. Thus, Montana would recognize Karau's discharge as representative of the estate. After that date, she had no authority under either California or Montana law to accept service of process on behalf of the estate, nor to waive insufficiency of service of process. *See Johnston v. Long,* 30 Cal.2d 54, 181 P.2d 645, 651 (1947); *Werning v. McFarland,* 149 Mont. 137, 423 P.2d 851, 852 (1967).

Under Montana law a person can only undertake the duties and liabilities of a personal representative of a decedent when appointed by court order. Mont. Code. Ann. § 72–3–103. Karau has not received such an appointment, either in Montana or California. Contrary to Faylor's assertions, there is nothing in *Simonson v. White,* 220 Mont. 14, 713 P.2d 983 (1986) that compelled the district court to appoint Karau as the estate representative. *Simonson* merely held that it was permissible to substitute an intestate decedent's heirs as defendants in litigation against an estate when no personal representative had been appointed; it did not require substitution. *See id.* at 986. Further, *Simonson* provides no guidance on how a court should determine the successor in interest for the purposes of Mont. Code Ann. § 27–1–501 when, as here, the decedent left a will with more than one beneficiary. Presented with these circumstances, the district court did not abuse its discretion in failing to appoint either a personal representative for the estate, or to declare Karau the successor in interest susceptible to suit.

Absent any court order in any jurisdiction authorizing Karau to act as representative of the estate, the district court did not err in concluding that Karau did not have the capacity to accept service of process.

## II

Given the insufficiency of the service of process, the district court did not err in setting aside the default entered against the estate and dismissing the complaint. *Brady v. United States,* 211 F.3d 499, 504 (9th Cir.2000) (noting that a district court's

discretion is "especially broad" when it is a default being set aside rather than a default judgment). If service is improper, then any default entered thereon is void and the judgment entered upon it has no res judicata effect. *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). Under these circumstances, the district court did not abuse its discretion in setting aside the default and dismissing the complaint for insufficiency of service.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.