26 P.3d 287 (2001)
107 Wash.App. 35
Greg WAGG, a single person, Appellant,
v.
ESTATE OF Bard A. DUNHAM, deceased; Thomas Benner, Personal Representative of the Estate of Bard A. Dunham, deceased, Respondents.
No. 19254-7-III.
Court of Appeals of Washington, Division 3.
April 24, 2001.
Publication Ordered June 26, 2001.
*288 James M. Danielson, Kari D. Kube, Jeffers, Danielson, Sonn & Aylward, Wenatchee, for Appellant.
Jeffrey T. Sperline, Rettig, Osborne, Forgette, Kennewick, for Respondents.
KURTZ, C.J.
Gregg Wagg appeals the trial court's summary judgment dismissal of his personal injury claim against the estate of Bard Dunham. The trial court dismissed Mr. Wagg's lawsuit because he failed to file a creditor's claim with the estate before commencing his lawsuit and before the expiration of the three-year statute of limitations. The trial court reasoned that former RCW 11.40.080 (1994), which made the filing of a creditor's claim a condition precedent to the maintenance of a lawsuit against a decedent's estate, rendered even a timely commenced personal injury action a nullity in the event that it was not preceded by a creditor's claim filed before the expiration of the statute of limitations. We agree with the trial court that Mr. Wagg's failure to comply with former RCW 11.40.080 bars any claim against the decedent's estate and we affirm the summary judgment dismissal of claims against the estate. But we reverse the trial court's dismissal of Mr. Wagg's claims to the extent that they are not against the estate but are covered by the decedent's liability insurance.

FACTS
On May 30, 1996, Mr. Wagg and Mr. Dunham were involved in a motor vehicle accident in Okanogan County. As a result, Mr. Wagg sustained severe injuries and Mr. Dunham was killed. It is undisputed that at the time of the accident, Mr. Dunham was covered by automobile liability insurance. It is also undisputed that Mr. Dunham, a high school student, died intestate.
On February 12, 1999, Mr. Wagg filed a petition for letters of administration for Mr. Dunham's estate. In the petition, Mr. Wagg informed the court that he was a creditor of Mr. Dunham's estate as a result of the accident. The petition also specifically requested that the court appoint Thomas Benner as personal representative of the estate. This was accomplished on May 7, 1999. The order appointing Mr. Benner as personal representative specifically noted that "this estate is filed for the purposes of providing a personal representative for the purpose of bringing a lawsuit against the deceased and his estate as a result of ..." the May 30, 1996, auto accident.
On May 11, 1999, with the three-year statute of limitations approaching, Mr. Wagg filed, in the Okanogan County Superior Court, a summons and complaint for personal injuries arising out of the 1996 accident. A copy of the summons and complaint was mailed to Mr. Dunham's parents on May 13, 1999. On May 18, Mr. Wagg served the summons and complaint on Mr. Benner, as personal representative of Mr. Dunham's estate. The affidavit of service states that the pleadings were left with Mr. Benner's personal secretary.
On June 16, 1999, a few weeks after the statute of limitations for the claim had expired, Mr. Benner formally accepted service of the summons and complaint. There is nothing in the record that explains the nearly one-month delay between service and the acceptance. On June 28, the estate filed an answer to Mr. Wagg's complaint. The answer included the affirmative defense that Mr. Wagg was precluded from continuing the lawsuit due to his failure to timely file a creditor's claim with the estate prior to filing the lawsuit with the court as required by former RCW 11.40.080. About this same time, the estate published and gave notice to the estate's creditors as required by RCW 11.40.010 and former RCW 11.40.013 (1994).
On July 2, 1999, Mr. Wagg presented a notice of his creditor's claim with the estate, pursuant to RCW 11.40.020. The claim was filed with the court on July 8. The claim was later revised to include a claim against any applicable "insurance policy proceeds." Clerk's Papers (CP) at 58.
*289 The estate then moved for a summary judgment dismissal, arguing that Mr. Wagg had failed to file a notice of creditor's claim with the personal representative before filing his lawsuit, and further arguing that the lawsuit was barred by the three-year statute of limitations. The estate's motion was granted. Mr. Wagg filed a motion for reconsideration on the basis that even if his suit against the estate was time barred, he should be allowed to proceed with the claim against Mr. Dunham's insurer. The court considered the motion without oral argument of counsel. The motion for reconsideration was denied. Mr. Wagg then filed a timely notice of appeal.

ANALYSIS
This court stands in the same place as the trial court when reviewing summary judgment motions. We review the evidence de novo, with all inferences taken in favor of the nonmoving party, in this case, Mr. Wagg. Reid v. Pierce County, 136 Wash.2d 195, 201, 961 P.2d 333 (1998). Summary judgment should be granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c).
In a claim for personal injuries, a plaintiff has three years from the date of the alleged injury in which to commence the action. RCW 4.16.080(2). If the lawsuit is commenced by filing within the statutory period, the plaintiff is allowed 90 days after filing the lawsuit to serve the summons and complaint on the defendant. RCW 4.16.170. Because Mr. Wagg's claim involved a decedent estate, he was required to comply with chapter 11.40 RCW, which sets forth certain statutory procedures and timelines. Specifically, former RCW 11.40.080 required that:
No holder of any claim against a decedent shall maintain an action thereon, unless the claim shall have been first presented as provided in this chapter. Nothing in this chapter affects RCW 82.32.240.
Former RCW 11.40.080 (1994).
Here, Mr. Wagg filed his personal injury claim against Mr. Dunham's estate within the three years provided by RCW 4.16.080(2), and he effectuated service of the summons and complaint within the additional 90 days allowed by RCW 4.16.170. However, he failed to file a claim with the estate before he commenced his lawsuit as required by former RCW 11.40.080. This problem was exacerbated by the expiration of the three-year statute of limitations in the period between the filing of the lawsuit and the filing of the claim.
The superior court accepted the estate's contention that former RCW 11.40.080 unambiguously states that no action against the estate can be commenced until a creditor's claim is first presented to the personal representative. Mr. Wagg contends that as applied to the facts of his case, the estate's contention elevates form over substance. He asserts that the purpose of the creditor's claim statute is to give the estate notice of the claim and allow the estate to settle its affairs expeditiously. He maintains that the estate received actual and constructive notice of his creditor's claim when the lawsuit was filed in superior court, mailed to Mr. Dunham's parents, and delivered to the personal representative. All of these actions, he argues, occurred prior to the expiration of the statute of limitations and were sufficient to satisfy chapter 11.40 RCW.
To read former RCW 11.40.080 in the manner suggested by Mr. Waggthat delivery or service of the lawsuit provides notice to the personal representative of its claims would, in the words of the superior court, "render the statute meaningless." CP at 170. The language of former RCW 11.40.080, as well as its interpretation by case law, has produced a bright-line rule that required Mr. Wagg to file a notice of claim with the estate prior to filing the lawsuit in superior court. Geschwind v. Flanagan, 65 Wash.App. 207, 214-15, 828 P.2d 603 (1992), rev'd on other grounds, 121 Wash.2d 833, 854 P.2d 1061 (1993). All of this had to be accomplished prior to the expiration of the statute of limitations on personal injury claims. Former RCW 11.40.011 (1989); Young v. Estate of Snell, 134 Wash.2d 267, 277-82, 948 P.2d 1291 (1997). In summary, service of a civil summons and complaint is not an acceptable substitute for filing the *290 creditor's claim as required by chapter 11.40 RCW. Cloud v. Summers, 98 Wash.App. 724, 736-39, 991 P.2d 1169 (1999). As a result, the trial court properly granted a summary judgment dismissal of all claims against Mr. Dunham's estate.
There is, however, a difference recognized in our statutes and case law between a claim against a decedent's estate and a claim against a decedent's liability insurance. Former RCW 11.40.011 states in relevant part:
The time limitations under this chapter for serving and filing of claims shall not accrue to the benefit of any liability or casualty insurer as to claims against the deceased ... and such claims, subject to applicable statutes of limitation, may at any time be:

(1) Served on the personal representative, or the attorney for the estate;
. . . .
Claims may be served and filed as herein provided, notwithstanding the conclusion of any probate proceedings: PROVIDED, That the amount of recovery under such claims shall not exceed the amount of applicable insurance coverage and proceeds: AND PROVIDED FURTHER, That such claims so served and filed shall not constitute a cloud or lien upon the title to the assets of the estate under probate nor delay or prevent the conclusion of probate proceedings or the transfer or distribution of assets of the estate subject to such probate. Nothing in this section serves to extend the applicable statute of limitations regardless of the appointment or failure to have appointed a personal representative for an estate.
(Emphasis added.) Addressing this difference, our Supreme Court has stated:
[F]ormer RCW 11.40.011 established the limitation period for filing claims against a decedent's estate. That does not, however, assist us in determining if the three-year statute of limitations set forth in RCW 4.16.080(2) is applicable in a case such as this where there is liability insurance and thus, no requirement that a claim be filed with the estate of the decedent as a condition precedent to maintaining a lawsuit against the estate.

Young, 134 Wash.2d at 280-81, 948 P.2d 1291 (emphasis added). The rationale for treating claims against estates and claims against liability insurance differently is explained in Belancsik v. Overlake Mem'l Hosp., 80 Wash.2d 111, 115, 492 P.2d 219 (1971) (interpreting former RCW 11.40.011):
Claims [that are] satisfied from insurance proceeds, in no way affect the interests of the heirs and beneficiaries and present no obstacle to an orderly and efficient administration of the estate, as do those claims subject to RCW 11.40.010.
It is undisputed that Mr. Wagg's personal injury lawsuit was timely commenced. So long as that lawsuit is limited to damages covered by Mr. Dunham's liability insurance, Mr. Wagg's service of the creditor's claim after filing the lawsuit in superior court does not bar litigation of the personal injury claim. We affirm the summary judgment dismissal of Mr. Wagg's claims against Mr. Dunham's estate, reverse the summary judgment dismissal of Mr. Wagg's claims against Mr. Dunham that are covered by Mr. Dunham's policy of liability insurance, and remand for a trial on the merits.
WE CONCUR: BROWN, J., and TOMPKINS, J.P.T.