50 P.3d 678 (2002)
Dolores VILLEGAS, Respondent,
v.
Michelle McBRIDE, Administratrix of the Estate of Michael Louis Frausto, deceased, Appellant,
Michelle McBride, a single person, Sondra Prichard, a married person, and Michael E. Frausto, a single person, Defendants.
No. 48467-2-I.
Court of Appeals of Washington, Division 1.
July 29, 2002.
Michael T. Schein, Michael J. Longyear, Reed Longyear Malnati Ahrens & Strickland, Seattle, WA, for Appellant.
George Edensword-Breck, Gregory Mann Miller, Attorney At Law, Seattle, WA, for Respondent.
AGID, J.
Michelle McBride is the administratix of Michael Frausto's estate and, as Frausto's daughter, an heir. She appeals two trial court decisions which have the effect of allowing Frausto's sister, Dolores Villegas, to pursue a suit on a creditor's claim against the estate. McBride maintains that the order granting partial summary judgment in favor of Villegas is improper, asserting that her claim is barred as a matter of law because she failed to comply with RCW 11.40.070(1).[1] *679 She also requests attorney fees and costs on appeal and in the trial court.
We hold as a matter of law that Villegas' claim is inadequate because she failed to provide any of the information required by the statute. The exception for information that is "not substantially misleading" does not excuse an omission of required information under RCW 11.40.070(1) because it only pertains to a "[f]ailure to describe correctly."[2] We remand to the trial court to enter summary judgment in favor of McBride, we award McBride attorney fees and costs on appeal and direct the trial court to award fees and costs incurred below.

FACTS
This case involves a dispute over loans and bills Dolores Villegas allegedly paid for her now deceased brother, Michael Frausto. Frausto was incarcerated on a drug charge in 1998. Villegas claims to have loaned him a total of $26,758.00 from her personal funds before he went to prison on a drug charge and to have covered certain post-incarceration expenses for him, totaling $36,746.32. The pre- and post-incarceration claims total $63,504.32. Villegas alleges that she and Frausto agreed orally that he would repay her.
Frausto died on February 4, 1999. Michelle McBride, Frausto's daughter, was appointed personal representative of the estate. On October 25, 1999, Villegas submitted a claim to the estate as follows:
"Dolores Villegas [Sister] of deceased $28,000."
McBride denied the claim and, on August 10, 2000, Villegas filed suit against the estate for $63,504.32.
McBride moved for summary judgment on the ground that the claim presented to the estate did not comply with RCW 11.40.070(1). Villegas cross-moved for partial summary judgment. In addition to what was shown on the face of the claim, the trial court specifically considered evidence of what McBride knew about it. The trial court entered partial summary judgment in favor of Villegas, concluding that, as a matter of law, her claim was not substantially misleading under RCW 11.40.070(1) and was therefore valid.
On April 9, 2001, McBride moved for reconsideration or, in the alternative, certification to this court under RAP 2.3(b). The trial court denied the motion for reconsideration but, on May 10, 2001, the trial court certified both the summary judgment and reconsideration orders under RAP 2.3(b). Apparently concluding that the claim would otherwise have been barred, the trial court certified the following controlling question as appropriate for review:
Whether it is proper for the Court to consider extrinsic evidence of the Administratix' knowledge in determining whether a creditor's claim is "substantially misleading," as that term is used in RCW 11.40.070(1).
On April 28, 2001, McBride filed a motion for discretionary review, designating both the summary judgment and reconsideration orders. On August 6, 2001, Commissioner Ellis granted the motion. Villegas then moved to modify the grant of discretionary review. We denied that motion on November 19, 2001.[3]

DISCUSSION
Summary judgment is proper when there is no genuine issue about any material fact and the moving party is entitled to judgment as a matter of law.[4] This court conducts the same inquiry as the trial court in reviewing a *680 summary judgment order.[5] We review summary judgment orders de novo[6] and view all evidence in the light most favorable to the nonmoving party.[7]
RCW 11.40 governs creditors' claims against an estate. Under RCW 11.40.010, a person "may not maintain an action" on his or her claim unless the claimant has presented the claim in accordance with chapter 11.40 RCW. And under RCW 11.40.051, a person "is forever barred from making a claim or commencing an action against the decedent... unless the creditor presents the claim in the manner provided in RCW 11.40.070." RCW 11.40.070(1) provides in pertinent part:
(1) The claimant ... shall sign the claim and include in the claim the following information:
....
(c) A statement of the facts or circumstances constituting the basis of the claim;
(d) The amount of the claim; ...
....
Failure to describe correctly the information in (c), (d), or (e) of this subsection, if the failure is not substantially misleading, does not invalidate the claim.[[8]]
The issue here is whether the "not substantially misleading" exception excuses a total omission of required information or just excuses a "[f]ailure to describe [the claim] correctly."
When interpreting a statute, we look to the Legislature's intent[9] as reflected in the statutory language.[10] We presume that the Legislature means exactly what it says and, if a statute is unambiguous, we derive its meaning from the statutory language alone.[11] A statute is ambiguous if it is reasonably subject to more than one interpretation.[12] "[A] proviso in a statute must be construed in the light of the body of the statute, and in such a manner as to carry out the Legislature's intent as manifested by the entire act and laws in pari materia therewith."[13]
McBride contends that Villegas' claim failed to satisfy RCW 11.40.070(1)(c) and (d) because it did not include "[a] statement of the facts or circumstances constituting the basis of the claim" and the amount of the claim differs significantly from the amount she claimed in her lawsuit. Villegas concedes these points but argues these failures are excused if they are "not substantially misleading." The Legislature has not defined the phrase "substantially misleading," and there is no caselaw analyzing it. The phrase is unambiguous, and we therefore give it its ordinary meaning.
McBride argues that the "not substantially misleading" clause does not apply to a total failure to provide the information RCW 11.40.070(1) requires because the exception only applies to "[f]ailure[s] to describe correctly."[14] RCW 11.40.070(1) does not require that a creditor's claim be elaborate so long as it is sufficient to advise the personal representative of the nature of the claim. But Villegas did not provide any of the information subsection (1)(c) requires. While Villegas' misstatement about the amount of her claim might be excused under the "not substantially misleading" proviso, it is illogical to assume the Legislature meant to apply it to a total failure to provide required information. A lack of information by definition is neither misleading nor not misleading. It is simply absent. We therefore hold that Villegas' *681 claim failed to satisfy RCW 11.40.070(1)(c) and the "not substantially misleading" exception does not excuse the failure because it does not apply to an omission of required information. The safety valve for creditor claims that fail to satisfy RCW 11.40.070(1) is found in subsection (4), permitting a "personal representative [to] ... waive formal defects and elect to treat the demand as a claim properly filed under this chapter...."[15]
McBride argues that the trial court improperly considered extrinsic evidence about what she knew about the claim. And she asserts that if extrinsic evidence is permitted, there is a genuine issue of material fact about what she knew about Villegas' claim. Because we hold that the "not substantially misleading" exception does not excuse a total failure to provide the required information, we do not need to reach these issues. But it is difficult to see how the personal representative's knowledge of a creditor's claim, if any, is relevant to the statutory inquiry under chapter 11.40 RCW.

Unjust Enrichment and Constructive Trust
Villegas maintains that even if we agree with McBride, we must remand this case for trial on her unjust enrichment and constructive trust claims. She bases this argument on RCW 11.40.070(4), which provides in relevant part: "Nothing in this chapter [RCW 11.40] limits application of the doctrines of waiver, estoppel, or detrimental claims or any other equitable principle." Applying the rule of ejusdem generis, McBride asserts that
this statute's allowance of use of waiver, estoppel, and actions in detrimental reliance, suggest that the broader language "any other equitable principle" refers to equitable principles requiring the Court to allow an otherwise defective claim due to misleading actions or representations by the personal representative, not to any substantive equitable claim for relief.
This interpretation is correct. RCW 11.40.070(4) pertains to the personal representative's ability to waive a defective creditor claim. The language Villegas points to under subsection (4) refers to "application of the doctrines of," various equitable principles in that context, not to equitable claims or causes of action independent of the waiver provision. Accordingly, we do not need to remand Villegas' unjust enrichment and constructive trust claims for trial.

Attorney Fees and Costs
Under RCW 11.96A.150 and RAP 18.1, McBride requests attorney fees and costs on appeal. She also asks us to remand for entry of attorney fees and costs incurred below. RCW 11.96A.150(1) provides that
[e]ither the superior court of the court on appeal may, in its discretion, order costs, including reasonable attorneys' fees, to be awarded to any party: (a) From any party to the proceedings; (b) from the assets of the estate or trust involved in the proceedings; or (c) from any nonprobate asset that is the subject of the proceedings. The court may order the costs to be paid in such amount and in such manner as the court determines to be equitable.
McBride argues the estate is entitled to fees and costs because Villegas' claim did not comply with RCW 11.40.070(1), this litigation deprived Frausto's children of part of their inheritance, and Frausto's estate is not a wealthy one.
We agree that these are proper grounds for an award under RCW 11.96A.150(1) and we award attorney fees and costs to McBride on appeal. We also remand for entry of fees and costs incurred below.
Reversed and remanded.
WE CONCUR: KENNEDY and BECKER, JJ.
NOTES
[1] Villegas maintains that McBride can only appeal the two issues Commissioner Ellis listed in his order granting discretionary review. This position is without merit. As Commissioner Ellis also stated, "[t]he appellate court's review is not limited to the certified issue but may include any issues presented by the decision on review." We therefore may review all issues McBride raises pertaining to the orders appealed.
[2] (Emphasis added.)
[3] Villegas attempts to cross-appeal this court's order denying her motion to modify Commissioner Ellis' grant of discretionary review. We decline to review Villegas' contention because it has already been decided by this court. Her only recourse was to seek discretionary review of this order by the Supreme Court under RAP 13.5.
[4] CR 56(c).
[5] Trimble v. Wash. State Univ., 140 Wash.2d 88, 92, 993 P.2d 259 (2000).
[6] Id.
[7] Marincovich v. Tarabochia, 114 Wash.2d 271, 274, 787 P.2d 562 (1990).
[8] (Emphasis added.)
[9] Duke v. Boyd, 133 Wash.2d 80, 87, 942 P.2d 351 (1997).
[10] State v. Van Woerden, 93 Wash.App. 110, 116, 967 P.2d 14 (1998), review denied, 137 Wash.2d 1039, 980 P.2d 1286 (1999).
[11] Bremerton Pub. Safety Ass'n v. City of Bremerton, 104 Wash.App. 226, 230, 15 P.3d 688 (2001).
[12] State v. Sunich, 76 Wash.App. 202, 206, 884 P.2d 1 (1994).
[13] State v. Wright, 84 Wash.2d 645, 652, 529 P.2d 453 (1974).
[14] (Emphasis added.)
[15] RCW 11.40.070(4).