[No. 37726-8-II. Division Two. June 23, 2009.]

SHERRY JOHNSTON, *as Personal Representative, Respondent*, v. ROD VON HOUCK, *as Personal Representative*, ET AL., *Appellants*.

*Curtis G. Johnson*, for appellants.
*James M. Bendell*, for respondent.

¶1 Armstrong, J. — Rod Von Houck, as personal representative of the estate of George Mattson, appeals the trial court's order denying his motion for summary judgment. This ruling allows Sherry Johnston to proceed with her action against the estate even though she filed suit before receiving notification that the estate would reject her claim. We affirm.

## FACTS

¶2 During their marriage, Grace and George Mattson owned and operated a motel. They sold the motel pursuant to a promissory note in 1986 and divorced in 1991. The decree of dissolution provided that the Mattsons would divide equally the buyer's monthly payments. When Grace became ill and needed additional income, the parties altered the division of the monthly payments so that she received $1,940 and George received $1,328. The Mattsons subsequently entered into a management agreement that was operable if the buyer defaulted on the promissory note. George erroneously believed that with this agreement, he and Grace became joint tenants with rights of survivorship.

¶3 In 2001, the buyer began making the monthly payments directly to George, who then divided them with Grace. She died on January 31, 2005. Following Grace's death, George refused to continue splitting the payments with her estate, believing that as a joint tenant with rights of survivorship, he was entitled to the entire payment. George withheld 11 monthly payments of $1,940 from Grace's estate until he died in December 2005.

¶4 On January 3, 2006, the superior court appointed Von Houck personal representative of George's estate. On January 13, he published a notice to creditors in the local newspaper as the probate statutes required. On May 1, Johnston, as executor of Grace's estate, delivered a notice of creditor's claim to the law office representing George's estate; the claim sought Grace's share of the monthly motel payments that George had retained.[1] On May 2, Johnston served the notice of creditor's claim on Von Houck as personal representative of George's estate. On May 3, Von Houck filed with the superior court a notice of rejection concerning Johnston's claim. That same day, Johnston filed a summons and complaint against George's estate based on her creditor's claim. She served Von Houck with the summons and complaint on May 11. On May 16, Von Houck sent by certified mail the notice of rejection of creditor's claim to Johnston. His notice advised her that under RCW 11.40-.100, she had to commence a lawsuit concerning the claim within 30 days after notification of rejection of the creditor's claim. Johnston received that notice on May 26 but did not file a new action.

¶5 On July 17, 2007, Von Houck moved for summary judgment, asking the trial court to dismiss Johnston's suit because she had not complied with RCW 11.40.100. The trial court denied Von Houck's motion, concluding in a memorandum opinion that

> Mr. Mattson's estate was properly served with the lawsuit and has the opportunity to defend. The purpose of the statutes involved is to insure that the claimant has notice of the rejection of the claim and that the estate has timely notice and an opportunity to defend any lawsuit without undue delay. Neither purpose would be served by requiring the claimant to initiate a second lawsuit because the first lawsuit was initiated prior to rejection of the claim.

Clerk's Papers at 168.

---

[1] The amount at issue is $21,340.

¶6 Through a settlement agreement, the parties resolved the issues concerning the division of future payments on the motel contract and reserved for appeal the issue of whether Johnston properly brought her action concerning the $21,340 claim in light of RCW 11.40.100.

## ANALYSIS

### I. COMPLIANCE WITH RCW 11.40.100

¶7 RCW 11.40.100(1) provides that an estate claimant must sue on a rejected claim "within thirty days after notification of rejection" of the claim. The issue is whether a claimant may file suit against a personal representative before receiving notification that the estate has rejected her claim. The trial court rejected Von Houck's position that the requirements of RCW 11.40.100 must be strictly construed and denied his motion for a summary judgment dismissal of Johnston's action against the estate. We review that decision de novo. *Villegas v. McBride*, 112 Wn. App. 689, 693, 50 P.3d 678 (2002).

¶8 RCW 11.40.100(1) provides in part:

> If the personal representative rejects a claim, in whole or in part, the claimant must bring suit against the personal representative within thirty days after notification of rejection or the claim is forever barred. . . . The notification must advise the claimant that the claimant must bring suit in the proper court against the personal representative within thirty days after notification of rejection or the claim will be forever barred.

¶9 Our purpose in interpreting a statute is to find and follow the legislature's intent. *Williamson, Inc. v. Calibre Homes, Inc.*, 147 Wn.2d 394, 401, 54 P.3d 1186 (2002). If a statute is unambiguous, we follow its plain language. *State v. Chester*, 133 Wn.2d 15, 21, 940 P.2d 1374 (1997). The critical language of RCW 11.40.100(1) is not ambiguous, and the issue does not require us to interpret any statutory language. Rather, we must address whether

the legislature's statutory goals require strict compliance with the statute or only substantial compliance, thereby permitting a claimant to sue before receiving notice that the estate has rejected her claim. The parties cite no case directly on point, and we have found none.

¶10 Von Houck contends that substantial compliance does not meet the statute's goals and that Johnston's suit against the estate is void because it was premature. He reasons that Johnston was required to file a second suit within 30 days *after* the estate notified her it was rejecting her claim. As support for his application of RCW 11.40-.100(1), Von Houck cites cases requiring strict compliance with other statutory requirements in the probate code.

¶11 In *Marquam v. Ellis*, 27 Wn. App. 913, 621 P.2d 190 (1980), Division Three held that the estate's rejection of notice by mail to the claimant's attorney did not trigger the limitation period for the claimant's subsequent suit against the estate. The statute required notice by personal service or certified mail to the claimant. Former RCW 11.40.030(3) (1977). The court observed that the statutory provisions regarding to whom and in what manner a notice of rejection must be given were for the claimant's protection and were not burdensome. *Marquam*, 27 Wn. App. at 915. Similarly, Washington courts have strictly construed statutory requirements regarding the contents of claims submitted to an estate. *See Villegas*, 112 Wn. App. at 695 (finding claim barred because it did not provide some of the required information); *Dillabough v. Brady*, 115 Wash. 76, 78, 196 P. 627 (1921) (rejecting claim because it did not include required reference to offsets). Von Houck argues that the probate statutes place mutual obligations on both claimants and personal representatives. According to Von Houck, a claimant should be held to those obligations and required to file suit within 30 days after notification of the claim's rejection to preserve a cause of action against the estate.

¶12 As further support for strict adherence to the statutory sequence set forth in RCW 11.40.100(1), Von Houck cites *Wagg v. Estate of Dunham*, 146 Wn.2d 63, 42 P.3d 968

(2002) (*Wagg* II). At issue was former RCW 11.40.080 (1994), which stated that no claimant could maintain an action against an estate unless the claim was first presented to the estate. Wagg failed to file a claim against the estate before suing it. After the estate responded that Wagg was precluded from continuing the lawsuit due to his failure to first file a creditor's claim, Wagg presented a notice of creditor's claim. The estate then moved for summary judgment, arguing that Wagg had failed to present the notice of creditor's claim before filing suit and that his suit was barred by the statute of limitations. The superior court agreed, and Wagg argued on appeal that the estate had received notice of his creditor's claim when the lawsuit was filed, thus satisfying chapter 11.40 RCW. *Wagg v. Estate of Dunham*, 107 Wn. App. 35, 38-40, 26 P.3d 287 (2001) (*Wagg* I).

¶13 Division Three of the Court of Appeals rejected this argument, pointing out that Wagg's reading of former RCW 11.40.080 would render the statute meaningless. *Wagg* I, 107 Wn. App. at 40. The court held that the language of the statute and its interpretation by case law "has produced a bright-line rule that required Mr. Wagg to file a notice of claim with the estate prior to filing the lawsuit in superior court." *Wagg* I, 107 Wn. App. at 40. Service of a civil summons and complaint was not an acceptable substitute for filing the creditor's claim required by chapter 11.40 RCW. *Wagg* I, 107 Wn. App. at 40.[2]

 ¶14 While Johnston did not file suit within the 30-day period following notification of her claim's rejection, she did file her claim before filing suit, thus satisfying the "bright-line rule" in *Wagg* if not its underlying message of strict compliance with statutory requirements. RCW 11.40-.010 now provides, much as did former RCW 11.40.080, that a person having a claim against the decedent "may not maintain an action on the claim unless a personal repre-

---

[2] Wagg did not seek review of this portion of the court's opinion, so the Supreme Court did not address it in affirming the Court of Appeals. *Wagg* II, 146 Wn.2d at 71.

sentative has been appointed and the claimant has presented the claim as set forth in this chapter." The focus is on the proper presentation of the claim rather than the action as a prerequisite for suing an estate.

¶15 Von Houck finds additional support for strictly applying RCW 11.40.100 and the sequence it describes in cases interpreting RCW 4.96.020(4). Under this statute, "[n]o action shall be commenced against any local governmental entity . . . for damages arising out of tortious conduct until sixty days have elapsed after the claim has first been presented to and filed with the governing body thereof." RCW 4.96.020(4). The Supreme Court rejected a claimant's request to permit substantial compliance with the 60-day waiting period in *Medina v. Public Utility District No. 1 of Benton County*, 147 Wn.2d 303, 317-18, 53 P.3d 993 (2002). The claimant had filed a complaint against the county after it had rejected his claim but four days before the 60-day waiting period expired. *Medina*, 147 Wn.2d at 308. After noting that the legislature intended RCW 4.96.020(4) to establish a period of time for government defendants to investigate claims and settle them where possible, the court concluded that substantial compliance with the waiting period was not acceptable. "Compliance with a waiting period can be achieved only through meeting the time requirements of the statute." *Medina*, 147 Wn.2d at 317.

¶16 Johnston responds that RCW 11.40.100(1) does not prohibit a claimant from filing suit until the claimant receives notification of rejection of her claim. She maintains that RCW 11.40.100(1) is worded to bar claims that are not timely, while the tort claim statute is worded to bar claims that are prematurely filed. We agree that RCW 11.40.100(1) does not establish a mandatory waiting period that must expire before a claimant may sue an estate. Rather, it sets forth a sequence of events and a time period within which a claimant must sue. This sequence and the 30-day "window" are intended to further the timely resolution of claims against an estate. *See Nelson v. Schnautz*, 141 Wn. App.

466, 475, 170 P.3d 69 (2007) (intent of probate code is to limit claims against the decedent's estate, expedite closing the estate, and facilitate distribution of the decedent's property), *review denied*, 163 Wn.2d 1054 (2008); *In re Estate of Krueger*, 145 Wash. 379, 381-82, 260 P. 248 (1927) (provision that suit shall be brought within 30 days after rejection was "undoubtedly to facilitate the handling and settling of estates").

¶17 But Von Houck maintains that Johnston's failure to follow the statutory sequence thwarted these goals and required the estate to become involved in time-consuming litigation before having any opportunity to accept or reject the claim. He argues that while RCW 11.40.080(2) gives a personal representative 30 days from receipt of a claim to accept or reject it, a summons issued under CR 4 requires the personal representative to respond within 20 days after service or face a possible default judgment. Von Houck fails to note that he filed his claim rejection the day after he received notice of Johnston's claim and the same day that Johnston filed her summons and complaint. Thus, the estate was not deprived of an opportunity to consider the claim before being involved in litigation.

¶18 In concluding that Johnston's premature filing of her lawsuit did not render it void, the trial court cited two decisions. In the first, the administrator of the estate did not properly reject the creditor's claim by personal service or registered mail before the creditor sued the estate. *Mallicott v. Nelson*, 48 Wn.2d 273, 274, 293 P.2d 404 (1956). The estate then moved for dismissal, arguing that the suit was prematurely filed. The Supreme Court held that a letter exchanged between attorneys was sufficient to constitute a rejection of the creditor's claim, observing that the provisions regarding the manner of giving notice to the claimant of the rejection of the claim are for the claimant's protection. *Mallicott*, 48 Wn.2d at 275.

¶19 The trial court also cited *McWhorter v. Bush*, 7 Wn. App. 831, 502 P.2d 1224 (1972). There, the claimant sued the estate in the pending probate action instead of initiat-

ing a new lawsuit as a former version of RCW 11.40.100 required. The statute retains the requirement that the claimant file suit "in the proper court." RCW 11.40.100(1). The estate moved for dismissal on the basis that the statute required a claimant to file a new lawsuit in a separate action. Division Three of the Court of Appeals reasoned that the estate had received proper notice of the lawsuit and had had an opportunity to defend, and that its rights had been protected. "The validity of the procedure should not depend upon the mere observance of form, but rather upon whether substantial rights have been protected. . . . We find any error resulting from this failure to file separate actions was harmless; defendant was not prejudiced." *McWhorter*, 7 Wn. App. at 833.

¶20 RCW 11.40.100(1) clearly contemplates a sequence in which a claimant will notify an estate of a claim, the estate will notify the claimant of the claim's rejection, and the claimant will then sue within 30 days or be forever barred from such action. Here, the claimant filed suit before receiving notification that her claim had been rejected but on the same day that the notice of rejection was filed in superior court. She also filed her suit before the 30-day period expired. Under the circumstances, Johnston's premature filing did not harm the estate's rights or the statutory goal of facilitating the resolution of claims against an estate. We conclude that the trial court did not err in denying Von Houck's motion for summary judgment and ruling that because Johnston substantially complied with RCW 11.40.100(1), she was not obligated to file a second lawsuit after the estate's notification that it was denying her claim.

## II. Attorney Fees under RCW 11.96A.150

¶21 RCW 11.96A.150(1) provides that

[e]ither the superior court or any court on an appeal may, in its discretion, order costs, including reasonable attorneys' fees, to be awarded to any party: (a) From any party to the proceedings;

(b) from the assets of the estate or trust involved in the proceedings; or (c) from any nonprobate asset that is the subject of the proceedings. The court may order the costs, including reasonable attorneys' fees, to be paid in such amount and in such manner as the court determines to be equitable. In exercising its discretion under this section, the court may consider any and all factors that it deems to be relevant and appropriate, which factors may but need not include whether the litigation benefits the estate or trust involved.

¶22 Von Houck has essentially conceded that Johnston would be entitled to the disputed payments but for her premature lawsuit. Thus, pursuant to the above statute, we grant Johnston fees on appeal from George's estate. RAP 18.1; RCW 11.96A.150(1).

¶23 Affirmed.

BRIDGEWATER and HUNT, JJ., concur.