

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2013 DEC 23 AM 9: 07

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In re Estate of | ) | NO. 69546-1-I |
| | ) | |
| T. MARK STOVER, | ) | DIVISION ONE |
| | ) | |
| Deceased, | ) | |
| | ) | |
| TERESA VAUX-MICHEL, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANNE VICTORIA SIMMONS, as | ) | PUBLISHED OPINION |
| personal representative of the ESTATE | ) | |
| OF T. MARK STOVER, Deceased, | ) | FILED: December 23, 2013 |
| | ) | |
| Appellant. | ) | |

LAU, J. — When a claim against an estate in probate is rejected by certified mail, RCW 11.40.100(1) requires the claimant to file suit against the estate within 30 days after the postmark date. Because Teresa Vaux-Michel failed to file suit against T. Mark Stover's estate within 30 days after the postmark on her rejected claim, and because CR 6 does not apply to extend this time limitation, we reverse and remand to the trial court with instructions to vacate the judgment and fees and costs award, determine the

personal representative's request for trial fees and costs, and dismiss the action with prejudice. We decline to award the estate fees and costs on appeal.

FACTS

On September 16, 2011, Vaux-Michel filed a claim against Stover's estate. She alleged he had written a $150,000 check as a gift to her in anticipation of his death. When the personal representative failed to act on the claim, Vaux-Michel sent notice to the personal representative on October 19, 2011, that she intended to petition the court to allow the claim. On December 19, 2011, the personal representative rejected the claim. On January 23, 2012, Vaux-Michel petitioned the court to allow the claim. The trial court denied the personal representative's motion to dismiss the suit as untimely under RCW 11.40.100(1). A commissioner of this court denied the personal representative's motion for discretionary review. The case proceeded to a bench trial. After the close of evidence, the court ruled in Vaux-Michel's favor, entered judgment for $150,000, and awarded attorney fees and costs. The trial court entered the following unchallenged findings of fact and challenged conclusions of law relevant to the suit's timeliness:

> [Unchallenged findings of fact:]
> 30. Ms. Vaux-Michel presented and filed her claim pursuant to RCW 11.40.070 on September 16, 2011.
> 31. Respondent did not allow or reject Ms. Vaux-Michel's claim within thirty days from presentation of the same as required by RCW 11.40.080 ("The personal representative shall allow or reject all claims presented in the manner provided in RCW 11.40.070").
> 32. On October 19, 2011, Ms. Vaux-Michel served, via certified mail, written notice on Respondent that she would petition the court to have the claim allowed. RCW 11.40.080(2).
> 33. Respondent did not notify Ms. Vaux-Michel, within twenty days after her receipt of written notice, that she was either allowing or rejecting her claim. Id.

. . . .

[Challenged conclusions of law:]

2. Because Respondent failed to reject or allow, in part or in whole, Ms. Vaux-Michel's claim within thirty days of notice of the claim, RCW 11.40.100, and then failed to reject or allow, in part or in whole, Ms. Vaux-Michel's claim within twenty days after receiving notice that Ms. Vaux-Michel would petition the Court to allow the claim, RCW 11.40.080, Respondent no longer had statutory authority to reject Ms. Vaux-Michel's claim and, therefore, Ms. Vaux-Michel had a reasonable time within which to file her petition. RCW 11.40.080(2). The provisions of RCW 11.40.100 ceased to be applicable when Respondent failed to exercise her rights thereunder by her failure to reject or allow, in part or in whole, Ms. Vaux-Michel's claim within 20 days after receiving notice.

3. Ms. Vaux-Michel filed her petition within a reasonable time after notifying Respondent that she would petition the court.

4. Even if the thirty day period of RCW 11.40.100 were applicable, Ms. Vaux-Michel timely filed her petition. Respondent mailed her rejection on December 19, 2011, Ms. Vaux-Michel received notice on, and had thirty days after December 19, 2011, to file her petition. Thirty days after December 19, 2011 was Wednesday, January 18, 2012, with three additional days for mailing (CR 6(e)), the date to file fell on Saturday January 20, 2012, which put "the first day other than a Saturday, Sunday or legal holiday, following the third day," on Monday, January 23, 2012. CR 6(e).[1]

The personal representative appeals the order denying its motion to dismiss on time bar grounds and the final judgment.

## ANALYSIS

This action under the Trust and Estate Dispute Resolution Act (TEDRA), chapter 11.96A RCW, requires us to determine whether Vaux-Michel's suit is time barred under RCW 11.40.100(1), which requires a claimant to sue the personal representative within 30 days after notification of rejection by the personal representative. The following chronology of events is undisputed:

Sept. 16, 2011: Vaux-Michel notified the personal representative of her $150,000 claim.

---

[1] It appears the trial court meant to cite CR 6(a).

Oct. 18, 2011:    Vaux-Michel notified the personal representative of her intent to petition the court to allow the claim.

Dec. 19, 2011:    The estate postmarked its notification of rejection.

Jan. 23, 2012:    Vaux-Michel petitioned the court to allow her claim.

The estate contends that Vaux-Michel's creditor claim is time barred under the plain language of RCW 11.40.100(1), regardless of the estate's noncompliance with RCW 11.40.080(2)'s time requirements. Vaux-Michel asserts, as she did below, two grounds as to why her suit is timely.[2] First, she argues that the estate's failure to timely accept or reject her claim within the time periods provided for under RCW 11.40.080(2) means her claim was ripe for adjudication, claim rejection no longer served a purpose, and she filed suit within a reasonable time. Second, she argues her suit is timely because CR 6(e) adds three extra days to the prescribed period.[3]

Whether Vaux-Michel timely sued the estate raises a question of statutory construction that we review de novo. Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wn.2d 1, 9, 43 P.3d 4 (2002). A court's objective in construing a statute is to determine the legislature's intent. Campbell & Gwinn, 146 Wn.2d at 9. "[I]f the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent." Campbell & Gwinn, 146 Wn.2d at 9-10. Plain meaning

_____

[2] Vaux-Michel also argues for the first time on appeal that her claim is timely under RCW 11.40.051's two-year time limitation. Resp't's Br. at 15-16. The appellate court may refuse to consider claims not raised in the trial court. RAP 2.5(a). "The purpose of this general rule is to give the trial court an opportunity to correct errors and avoid unnecessary retrials." Postema v. Postema Enters., Inc., 118 Wn. App. 185, 193, 72 P.3d 1122 (2003). Even if we assume this claim was properly preserved, it fails. This statute applies only when the estate fails to give notice to creditors through the statute's defined procedures. 26B CHERYL C. MITCHELL & FERD H. MITCHELL, WASHINGTON PRACTICE: PROBATE LAW AND PRACTICE § 4.31 (2012).

[3] Vaux-Michel also invokes CR 6(a)'s time computation rule, which calculates periods of less than seven days by excluding weekends and holidays.

is discerned from the ordinary meaning of the language at issue, the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole. Campbell & Gwinn, 146 Wn.2d at 9-12. An undefined statutory term should be given its usual and ordinary meaning. Burton v. Lehman, 153 Wn.2d 416, 422-23, 103 P.3d 1230 (2005). Statutory provisions and rules should be harmonized whenever possible. Emwright v. King County, 96 Wn.2d 538, 543, 637 P.2d 656 (1981). If the statutory language is susceptible to more than one reasonable interpretation, then a court may resort to statutory construction, legislative history, and relevant case law for assistance in discerning legislative intent. Cockle v. Dep't of Labor & Indus., 142 Wn.2d 801, 808, 16 P.3d 583 (2001).

> As a general matter, time calculation rules should be applied in a clear, predictable manner. "It is a well-accepted premise that [l]itigants and potential litigants are entitled to know that a matter as basic as time computation will be carried out in an easy, clear, and consistent manner, thereby eliminating traps for the unwary who seek to assert or defend their rights."

Christensen v. Ellsworth, 162 Wn.2d 365, 372, 173 P.3d 228 (2007) (quoting Stikes Woods Neighborhood Ass'n v. City of Lacey, 124 Wn.2d 459, 463, 880 P.2d 25 (1994) (alteration in original) (internal quotation marks omitted)).

### RCW 11.40.100(1) and RCW 11.40.080(2)

RCW 11.40.100(1) provides:

> If the personal representative rejects a claim, in whole or in part, the claimant must bring suit against the personal representative within thirty days after notification of rejection or the claim is forever barred. The personal representative shall notify the claimant of the rejection and file an affidavit with the court showing the notification and the date of the notification. The personal representative shall notify the claimant of the rejection by personal service or certified mail addressed to the claimant or the claimant's agent, if applicable, at the address stated in the claim. The date of service or of the postmark is the date of notification. The notification must advise the claimant that the claimant

must bring suit in the proper court against the personal representative within thirty days after notification of rejection or the claim will be forever barred.

Vaux-Michel submitted her $150,000 creditor's claim to Stover's estate on September 16, 2011. The estate rejected this claim more than 30 days later, on December 19, 2011, by mailing notification of rejection to Vaux-Michel's attorney by certified mail. This notification informed Vaux-Michel that she "must bring suit in the proper court within 30 days after notification of rejection or the claim will be forever barred." Under RCW 11.40.100(1), quoted above, to be timely, Vaux-Michel was required to bring suit no later than January 18, 2012, 30 days after notification of rejection.[4] Vaux-Michel petitioned the court on January 23, 2012, 35 days after notification of rejection.[5]

Vaux-Michel does not contend that RCW 11.40.100(1) is ambiguous. Indeed, RCW 11.40.100(1) plainly states that a claimant like Vaux-Michel "must bring suit against the personal representative within thirty days after notification of rejection or the claim is forever barred." In Christensen, our Supreme Court held that CR 6(a), the time computation rule that excludes weekends and holidays from periods of less than seven days, did not apply to RCW 59.12.030(3)'s three-day period for a landlord to commence an unlawful detainer action after serving notice. Christensen, 162 Wn.2d at 369. Applying the plain meaning rule to the statutory term "day," the court reasoned:

---

[4] For notification of rejection by certified mail, "the postmark is the date of notification." RCW 11.40.100(1).

[5] Vaux-Michel mistakenly claims that the estate computes the 30-day period as commencing on the postmark date. But the record shows that both parties agree that the first day of the 30 day period begins on the day after notification of rejection.

> The statute [RCW 59.12.030(3)] does not specify whether "day" means a business day, court day, or calendar day. There are no time calculation provisions in chapter 59.12 RCW. The ordinary meaning of "day" is a 24 hour period beginning at midnight. See WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 578 (2002) (defining "day" as a "CIVIL DAY [ ] among most modern nations : the mean solar day of 24 hours beginning at mean midnight"); id. at 316 (defining "calendar day" as "a civil day : the time from midnight to midnight"); see also 74 AM.JUR.2d Time § 10 (2001) ("[a] 'day' generally means a calendar day"). Using the ordinary meaning of day, weekends and holidays would be included in the calculation of the three day notice period.

Christensen, 162 Wn.2d at 373 (alterations in original). As in Christensen, the statute here does not specify whether "day" means a business day, court day, or calendar day. Accordingly, we apply the ordinary meaning of "day," which includes weekends. "In the absence of a specific statutory definition, words in a statute are given their common law or ordinary meaning." State v. Chester, 133 Wn.2d 15, 22, 940 P.2d 1374 (1997). Vaux-Michel's suit is untimely because she petitioned the court to allow her claim 35 calendar days after notification of rejection.

This approach also furthers the timely and efficient resolution of claims against the estate because the statute establishes a clear bright line rule within which a claimant "must" bring an action on a claim. In Johnston v. Von Houck, 150 Wn. App. 894, 209 P.3d 548 (2009), Division Two of this court agreed with the personal representative's contention that RCW 11.40.100(1) is worded to bar untimely creditor claims:

> [RCW 11.40.100(1)] sets forth a sequence of events and a time period within which a claimant must sue. This sequence and the 30-day "window" are intended to further the timely resolution of claims against an estate. See Nelson v. Schnautz, 141 Wn. App. 466, 475, 170 P.3d 69 (2007) (intent of probate code is to limit claims against the decedent's estate, expedite closing the estate, and facilitate distribution of the decedent's property), review denied, 163 Wn.2d 1054 (2008); In re Estate of Krueger's, 145 Wn. 379, 381-82, 260 P. 248 (1927)

(provision that suit shall be brought within 30 days after rejection was "undoubtedly to facilitate the handling and settling of estates").

Johnston, 150 Wn. App. at 901-02.

As noted above, Vaux-Michel asserts that the estate's noncompliance with RCW 11.40.080(2)'s time provisions, as a matter of law, dispensed with any obligation on her part to bring suit within RCW 11.40.100(1)'s 30-day deadline. But this argument is not supported by any relevant case authority and, as discussed above, is contrary to the plain meaning of the statute. Nor does she identify any provision in chapter 11.40's comprehensive scheme governing claims against the estate to support her argument.

RCW 11.40.080(2) states:

If the personal representative has not allowed or rejected a claim within the later of four months from the date of first publication of the notice to creditors or thirty days from presentation of the claim, the claimant may serve written notice on the personal representative that the claimant will petition the court to have the claim allowed. If the personal representative fails to notify the claimant of the allowance or rejection of the claim within twenty days after the personal representative's receipt of the claimant's notice, the claimant may petition the court for a hearing to determine whether the claim should be allowed or rejected, in whole or in part. If the court substantially allows the claim, the court may allow the petitioner reasonable attorneys' fees chargeable against the estate.

The statute's plain text provides a claimant like Vaux-Michel a permissive and simple mechanism intended to prompt a personal representative who fails to make a decision on a submitted claim. See Johnston, 150 Wn. App. at 901-02. In that circumstance, the claimant can notify the personal representative that she intends to petition the court to allow the claim unless the personal representative acts on the claim within 20 days. If the personal representative fails to act, the claimant may petition the court to allow the claim. Here, Vaux-Michel's notice to the personal representative of her intent to petition the court to allow the claim prompted the personal representative to make a decision on

the claim. Once the personal representative rejected the claim, RCW 11.40.100(1) required Vaux-Michel to "bring suit against the personal representative within thirty days after notification of rejection . . . ." See 26B CHERYL C. MITCHELL & FERD H. MITCHELL, WASHINGTON PRACTICE: PROBATE LAW AND PRACTICE § 4.33 (2012).

We are not persuaded by Vaux-Michel's unsupported contention that the personal representative's failure to reject her claim according to the time requirements in RCW 11.40.080(2) dispensed with any obligation to comply with RCW 11.40.100(1)'s time requirements. RCW 11.40.080(2) and .100(1) operate together to facilitate the prompt and efficient resolution of estate claims. See In re Pers. Restraint of Albritton, 143 Wn. App. 584, 593, 180 P.3d 790 (2008) ("The provisions of an act must be viewed in relation to each other and, if possible, harmonized to effect the act's overall purpose."). Nothing in RCW 11.40.080(2)'s or .100(1)'s text suggests that failure to comply with .080(2)'s time requirements excuses compliance with .100(1)'s time bar rule.[6] If the legislature had intended this result, it could have said so expressly. See In re Marriage of McLean, 132 Wn.2d 301, 307, 937 P.2d 602 (1997).[7]

_____

[6] RCW 11.40.080(2) is plain on its face. "If the language is unambiguous, we give effect to that language and that language alone because we presume the legislature says what it means and means what it says." State v. Costich, 152 Wn.2d 463, 470, 98 P.3d 795 (2004). "Courts will neither read matters into a statute that are not there nor modify a statute by construction." Rushing v. ALCOA, Inc., 125 Wn. App. 837, 840, 105 P.3d 996 (2005).

[7] We also note that in addition to other provisions in chapter 11.40 RCW, section .051 contains comprehensive time limits within which a claim must be brought.

## CR 6

As discussed above, Vaux-Michel contends in the alternative that CR 6(e) adds three extra days for mailing to the 30-day time requirement.[8] This argument depends on whether CR 6(e)'s time computation rules apply to RCW 11.40.100(1).

CR 6(e) provides:

Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period.

(Boldface omitted.) Under CR 81(a), the civil rules apply to all civil proceedings "[e]xcept where inconsistent with rules or statutes applicable to special proceedings . . . ." TEDRA actions are special proceedings. RCW 11.96A.090(1) provides, "A judicial proceeding under [title 11] is a special proceeding under the civil rules of court. The provisions of [title 11] governing such actions control over any inconsistent provision of the civil rules."

But even assuming the civil rules applied, application of CR 6(e) to RCW 11.40.100(1)'s 30-day time requirement is contrary to the plain language of the statute. As discussed above, the legislature intended for the phrase "thirty days" to convey its ordinary meaning of 30 calendar days. Thirty calendar days is inconsistent with CR 6(e), which adds three days for mailing, and with CR 6(a), which extends this period by excluding weekends and legal holidays.

Rule 6(e) was adopted in order to mitigate the effects of CR 5(b), which provides that service is complete upon mailing, rather than delivery, of the

---

[8] According to Vaux-Michel, since the thirty-third day falls on a Saturday, the period "runs until the end of the next day which is neither a Saturday, a Sunday nor a legal holiday." CR 6(a).

notice. 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1171, at 514 (2d ed. 1987) (Rule 6(e) is "a fair compromise between the harshness of measuring strictly from the date of mailing and the indefiniteness of attempting to measure from the date of receipt"). Rule 6(e) allows parties three additional days to respond in order to compensate for the transmission time when the notice is mailed.

In re Estate of Toth, 138 Wn.2d 650, 655, 981 P.2d 439 (1999). Unlike the policy concerns that drove the adoption of CR 6(e), RCW 11.40.100(1) provides a clearly-defined period within which a creditor must sue in court on his or her claim—30 calendar days after the claim rejection notice's certified mail postmark date.

Vaux-Michel relies on Canterwood Place L.P. v. Thande, 106 Wn. App. 844, 25 P.3d 495 (2001) (superseded by statute), and Capello v. State, 114 Wn. App. 739, 60 P.3d 620 (2002), to argue that CR 6(e) applies.[9] In Canterwood, we applied CR 6(a) to compute the return date on an unlawful detainer summons issued under former RCW 59.12.070. We applied CR 6(a) because, at the time of our decision, chapter 59.12 RCW contained "no method for computing time." Canterwood, 106 Wn. App. at 848. Similarly, in Capello, we applied CR 6(a) to compute the 72-hour period within which a probable cause hearing must be held under the sexually violent predator statute, chapter 71.09 RCW. We applied CR 6(a) because chapter 71.09 RCW was "silent on the issue of the computation of time" and contained no provision inconsistent with CR 6(a). Capello, 114 Wn. App. at 749. Unlike the statutory schemes at issue in Canterwood and Capello, chapter 11.40 RCW contains an express timing rule,

---

[9] Vaux-Michel acknowledges the absence of "controlling authority that Rule 6 applies to probate proceedings . . . ." Resp't's Br. at 24.

RCW 11.40.100(1), that addresses the precise issue raised by the parties.[10]

Canterwood and Capello are unpersuasive.

Vaux-Michel also argues that applying CR 6(e) to RCW 11.40.100(1) "is sound public policy because litigants and potential litigants are entitled to know that a matter as basic as time computation will be carried out in an easy, clear, and consistent manner . . . ." Resp't's Br. at 26. This argument is unpersuasive because the legislature has already spoken on this point. Our Supreme Court adopted CR 6(e) in 1967. See Order Adopting Civil Rules for Superior Court, 71 Wn.2d at xvii, xxxvii (1967). The legislature enacted RCW 11.40.100(1) in its present form 30 years later. LAWS OF 1997, ch. 252, § 16. We presume that the legislature enacts laws with full knowledge of existing laws. Thurston County v. Gorton, 85 Wn.2d 133, 138, 530 P.2d 309 (1975). Thus, we presume that the legislature enacted RCW 11.40.100(1) with full knowledge of the statute's inconsistency with CR 6(e). RCW 11.40.100(1) reflects the legislature's intent to "further the timely resolution of claims against an estate." Johnston, 150 Wn. App. at 901.

### Attorney Fees

The estate requests trial and appellate attorney fees under TEDRA and RAP 18.1. Under TEDRA, courts have broad discretion to award attorney fees and costs in any proceeding governed by Title 11 RCW. See Wash. Builders Benefit Trust v. Building Indus. Ass'n, 173 Wn. App. 34, 84, 293 P.3d 1206 (2013) ("RCW 11.96A.150 provides both the trial court and this court with broad discretion to award attorney fees

---

[10] Vaux-Michel's citation to In re Estate of Van Dyke, 54 Wn. App. 225, 772 P.2d 1049 (1989) (remanding will contest petition for determination as to whether nonjoined legatees were indispensable parties under CR 19(b)) is unhelpful.

in a trust dispute."). Fees may be awarded to any party "in such amount and in such manner as the court determines to be equitable." RCW 11.96A.150(1)(c). We may "consider any relevant factor, including whether a case presents novel or unique issues." In re Guardianship of Lamb, 173 Wn.2d 173, 198, 265 P.3d 876 (2011); see, e.g., In re Estate of D'Agosto, 134 Wn. App. 390, 402, 139 P.3d 1125 (2006) (fees unwarranted because case involved "novel issues of statutory construction"); Bale v. Allison, 173 Wn. App. 435, 461, 294 P.3d 789 (2013) (fees unwarranted because case involved "unique issue").

The present case involves a novel issue of statutory construction—whether CR 6(e) applies to RCW 11.40.100(1). This issue was litigated both at trial and on appeal. We deny the estate's appellate fee and cost requests. Given our disposition, we likewise vacate Vaux-Michel's attorney fee judgment.[11]

## CONCLUSION[12]

For the reasons discussed above, we hold that Vaux-Michel's suit is untimely under RCW 11.40.100(1) and CR 6 does not apply to this statute. The trial court erred when it denied the personal representative's motion to dismiss the claim and, after trial, entered judgment and awarded fees and costs to Vaux-Michel. We reverse and remand with instructions to vacate the judgment and fees and costs award. We decline

---

[11] We note that the trial court's findings of fact and conclusions of law supporting Vaux-Michel's fee award identified no statutory, contractual, or equitable justification for the award. "In Washington, attorney fees may be awarded only when authorized by a private agreement, a statute, or a recognized ground of equity." Labriola v. Pollard Group, Inc., 152 Wn.2d 828, 839, 100 P.3d 791 (2004).

[12] Given our resolution, it is unnecessary to address Vaux-Michel's remaining contentions.

69546-1/14

to award fees and costs on appeal.  The personal representative's request for fees in the trial court may be taken up on remand.

WE CONCUR:

_____
Jau, J.

_____
Leach, C.J.

_____
Becker, J.

-14-